Judge Marshall
delivered the'Opinion-of the Court.
This action of assumsit was brought by ' Pate against Murray, to recover five hundred dollars alleged to have been received by the defendant, from a certain John O. Tunstall, for the use of the plaintiff, and to be paid to him when he should make and deliver to the defendant, a deed conveying a certain tract of land >to said Tun-stall; and the plaintiff avers that he did make and tender the deed to the defendant, but the latter refused and still refuses to pay the said five hundred dollars.
The defendant demurred to the declaration, and pleaded non-assumpsit; and a verdict and judgment having been rendered against him, he has brought the case up for the revision of this Court, upon exceptions taken to opinions of the Circuit Court, in giving and refusing instructions to the jury.
It was proved on the'trial that, upon an agreement which seems to have been verbal. only, for the sale of land by Pate to Tunstall, at the price of five hundred dollars, the latter placed in the hands of Murray, the *336 defendant, a single bank note for five hundred dollars, upon a Southern Bank, to be delivered to the plaintiff, upon his making a deed for the land, provided another person designated should say that the plaintiff’s title was good; that the person thus referred to, pronounced the title good, and that a deed written by the defendant, was afterwards duly executed by the plaintiff and his wife; that the deed was tendered to Tunstall, and also to the defendant, but refused by both; that Tunstall told Murray not to pay the money to the plaintiff, and afterwards gave a written order-for it, on the presentation of which, Murray delivered the bank note according to its directions, taking first a bond of indemnity for so doing, but receiving nothing in consideration of the note.
One who refuses to deliver a bank note to 'the party for whom he received it, is liable for its value only- ‘
_ Assumpsit for money had and received, is not sustain’d by proof that def’t ree’d a bank note, without proof that he rec'd it expressly as money.
No action can be mantained by either party, upon a verbal contract for the sale of land. The vendor cannot be compelled to con vey, nor to pay damages for not conveying; nor can he maintain any suit upon the purchaser s prom ise to pay the price (which would be without consideration) unless the deed has been made and actually accepted. The intervention of a third party — as a depository, who is to hold the mo ney, till the deed is made,and then pay it over, &c. makes no difference. So— Where there was a parol contract for a sale of land, and the purchase money was placed in the hands of a third party, to be paid over to the vendor as soon as he made a good deed, and the purchaser afterwards directed the depository not to pay the money,or receive the deed, and took back the .money: held, that the vendor — tho’ he tendered a good deed— can sustain no ac tion against the depository for the money.
*336 Upon this evidence the Court, at the instance of the plaintiff, instructed the jury “ that if the five hundred dollars was received in bank paper, but was considered as money, and received as money, and has been used by Murray, then he is liable in this; action for it as money.” As this instruction presents all the points which we deem it necessary to notice on the evidence, that which was asked for by the defendant, and refused, need not be stated.
To the instruction given there are several objections:
First. There is no evidence conducing to prove that the bank note was received as so much money; or that it was used, in any proper sense of that term, by Murray himself; and he being a mere depository, or stake holder, of the specific article, could not be liable for more than its value, for failing to deliver it to the person for whose use he held it.
Second. The note not having been received expressly as money by Murray, nor expressly agreed to be so received by Pate, neither its nominal amount, nor its value could have been recoverable in this action for money had and received. (1 Chit. Pl. 385.)
Third. But there ais still more serious objection to the instruction.; which is that, upon the evidence in the case, the plaintiff was not entitled, either to the note or its value. The contract by which this note, or its nominal *337 or actual value, was payable, being for the sale of land and by parol, did not give a right of action to either party, until a deed was not only made, but accepted.— McDowell vs. Delap, 2 Marshall, 33; Lewis vs. Grimes, 7 J. J. Marshall, 336. And was not legally obligatory on either party, until a deed conveying the land, or some other writing evidencing the safe and binding the vendor, was actually accepted by the purchaser, or. his authorized agent. The parol agreement to sell and convey the land, being unobligatory on the vendor, formed no consideration for the promise to pay the price, or to accept the deed. To say that the purchaser is bound to accept the deed, which will bind him to pay the money, would be to hold him bound by the contract at the will of the vendor, who is not bound. And would enable the vendor to maintain an action against the vendee, for the non-acceptance of the deed, and for the nonpayment of the money; while the vendee could not, by paying or tendering the money, have an action against the vendor. This would be unreasonable, and is expressly negatived by the case of McDowell vs. Delap, above cited.
That the purchaser deposited the money in the hands of a third person, to be paid to the vendor, on his making a deed, does not essentially vary the case. The fact of making the deposite, even with directions to the depository to accept the deed, could not, at the utmost, have any greater effect than to authorize him to take the deed for the purchaser, and thus to execute the contract.— Even in that case, until the deed is actually accepted, the contract being still in parol, is not obligatory on either party; and the purchaser may either revoke the power of the depository to accept the deed and pay the money, or he may reject the purchase himself, and recall his money. For the vendor is no more bound by the interposition of a third person, who is to pay him the money, than he is without it, nor is he bound by his tender of a deed, unless it be actually accepted. It would be absurd to suppose that he could; in such a case, force the depository to pay the money, or to accept the *338 ¿eed, against the will of the principal, when he could not coerce the principal himself.
The evidence conduces strongly to prove, if it does not dearly establish the facts to be as they have been to be in stating these principles; and as the plaintiff could not have recovered, if such facts had been found by the jury, the Court erred in withdrawing those facts from the jury, as it did do by informing them that the plaintiff could recover in this action, if the Bank mote was received as money, and used by the defendant.
Wherefore, the judgment is reversed, and the cause remanded, that a new trial may be had, on principles not inconsistent with this opinion.