## Glass *vs* Thompson & Co.

### ERROR TO THE CHRISTIAN CIRCUIT.

*Sureties. Attorney and client. Payments. Bills of exchange.*

JUDGE SIMPSON delivered the opinion of the Court, which was suspended until 4th January, 1849, when the petition was overruled.

WE think the Court erred in refusing to permit the complainant, Glass, to file the amended bill offered by him at the March term, 1845. The facts alleged in the

*(margin)* GLASS *vs* THOMPSON & Co.

DEBT.

Case 58.

July 27.

The stay of execution by the creditor after it has been levied

upon the proper-
ty of the princi-
pal, will operate
or release the
surety. (3 *Bibb*,
467.) But such
will not be the
case where the
surety has a
mortgage, and
the risk of the
surety is not in-
creased by the
discharge of the
execution lien,
as was held in
*Stringfellow* vs
*Williams*, &c.,
(6 *Dana*, 236.)

amendment, were essential in making out an equity for his exoneration as surety. A stay of an execution by the creditor, when it has been levied on the property of the principal, without the privity or assent of the surety, will have the effect to release the surety, inasmuch as it greatly increases his risk, and may ultimately subject him to the payment of the debt: (3 *Bibb*, 467.)

When a lien on the property of the principal is created, by an execution in the hands of an officer, and such lien is lost or waived by the act of the creditor, the injury to the surety is the same, and as the same effect ensues, the surety, under such circumstances, is also exonerated in equity. In the case of *Stringfellow* vs *Williams*, &c, (6 *Dana*, 236,) the act of staying an execution by the plaintiff, did not materially alter the condition or increase the risk of the sureties, as they had a mortgage on the property of the principal, and for that reason it was held not to operate as a release of their liability. But where the execution creates a lien upon the property of the principal, and the creditor, without the assent of the surety, directs a stay of the execution, and thereby virtually surrenders the lien, the surety is discharged from further liability.

To make out this ground of relief, it was necessary for the complainant to allege and prove that his principal had property subject to the execution in the hands of the officer, at the time the execution was suspended by the attorneys for the creditor. To supply this allegation, which had been omitted in the original bill, was the object of the amendment offered and rejected. No delay would have been produced by the filing of this amended bill at that time, as the cause was not then prepared for trial, and was not, in fact, tried until about eighteen months afterwards. The amendment being necessary to the proper presentation of the equity relied on by the complainant, and to a fair trial of the case on its merits, should have been allowed.

Whether the complainant's demurrer to the cross bill of Ward was properly sustained, or should have been overruled, is not a question now before the Court. Ward alone can complain of the decision of the Court

on this point, and he has not assigned any cross errors, or brought this question before the Court in any form.

It seems to us, however, that the matters alleged in Ward's cross bill may be properly relied upon by the creditors in answer to the amended bill last offered by the complainant. If the complainant has in his hands property of his principal, which should, in justice and equity be applied to the payment of the debt, the creditors may insist, in this case, on having it so applied, and may show, for the purpose of repelling the equity relied upon by the complainant, if such be the fact, that the whole of the property belonging to the principal debtor, at the time of the stay of the execution, is in the hands of the complainant, and equitably liable to this demand, and that he has sustained no injury by the surrender of the execution lien.

We are satisfied that Messrs. Sharp and Stites were the attorneys of Wm. R. Thomson & Co., and acted in the case as such, with the knowledge and assent of the members of the firm. We are also inclined to the opinion, that as their clients resided in Philadelphia, and the debt was in their hands for collection, they must be presumed to have had authority to superintend the collection of the judgment, and to make such arrangements with the debtors or any of them, as they might deem advantageous to their clients. But the authority of the attorneys does not rest in this case, alone upon this presumption. The creditors were apprised of the arrangement made by them with the principal debtor, acquiesced in it, and received and presented for acceptance and payment, the bill of exchange which had been drawn by him in their favor, on H. & J. B. Murray of New York.

We think, however, the evidence fully establishes the fact, that the bill of exchange was not received in payment of the judgment, nor was the execution returned satisfied, but the instructions to the officer was, not to collect it at that time, which induced him to return it without a levy, and had the effect merely of postponing the collection of the debt until another execution should be issued on the judgment; and as the bill of exchange

GLASS
*vs*
THOMPSON & Co.

A surety having indemnity from his principal in his hands, cannot properly be released from his liability for the debt of his principal until such indemnity be applied to the payment of the debts and the creditors may require it to be done.

An attorney in Ky. having the collection of debts in Ky. for residents of another State, will be presumed to possess power to make such arrangements for the collection of the debts placed in their hands, as in their judgment may be for the benefit of their principals.

A bill of exchange drawn without authority from the drawer, or without funds, not a good payment of a precedent debt.

was drawn without authority from the drawee, and without any funds in his hands, and was never accepted or paid, it is clear that it did not have the effect of discharging the judgment.

But for the error of the Court in refusing to allow the complainant to file said amended bill, the decree is reversed and cause remanded for further proceedings in conformity with this opinion.

