Judge Simpson
delivered the opinion of the Court.
Curnutt, and those under whom he claims, having had an uninterrupted possession of the land upon which he resided for more than twenty ‘years, and Roberts pretending some claim to it which he proposed to assert by suit, they made a verbal contract, by which the latter agreed not to sue for the land, but to make a deed to the former relinquishing his right to it, for which Curnutt agreed to pay him the sum of thirty dollars.
Shortly thereafter, Roberts tendered a deed and demanded the payment of the thirty dollars; but Curnutt refused to accept the deed, or comply with the contract, alleging that Roberts’ claim was worthless.
Thereupon Roberts sued Curnutt before a Justice of the Peace for the thirty dollars, and the Magistrate having decided against him, he appealed to the Circuit Court. The parties submitted the case to the Judge, and the foregoing facts having been proved, and Roberts having tendered a deed in Court, in fulfillment of the contract upon his part, a judgment was rendered in his favor for thirty dollars, from which Curnutt has prosecuted a writ of error.
The question presented is, substantially, whether a vendor, when the contract for the sale of land is merely verbal, and not reduced to writing, can at his option, by tendering an execution of the contract upon his part, render it valid and enforcible, notwithstanding at the time it was entered into, it was within the operation of the Statute of frauds, and no action could be maintained upon it by either party. If such a right exist in the vendor, it in effect places it in his power, at his elec *43 lion, to make every verbal contract for the sale of land binding upon the parties, although no such right exists in the vendee. This would destroy all mutuality between the parties to such contracts, be unreasonable, and violate the well settled principle that contracts to be valid, must be obligatory upon both the parties.
/A verbal contract for the sale of land is not obligatory on either party: (2 Mar shall, 33; 6 Dana, 337.) Anote given* in such case tor the price of land is not enforcible.
But where a purchaser executes a note for the price of land, receives the possession, .there being a consideration, there can be no successful defense at law.
Goble for plaintiff; Evans for defendant.
A verbal contract for the sale of land, is not legally obligatory upon either party, until some writing evidencing the sale, and sufficient to take the contract out of the operation of the Statute of frauds, is executed by the vendor and accepted by the purchaser: McDowell vs Dulap, (2 Marshall, 33.) Murray vs Pate, (6 Dana, 337.)
The verbal agreement to sell, and convey land not being binding on the vendor, formed no consideration for the promise to pay the money, or to accept the deed. The promise therefore to pay the money being without consideration was legally invalid, and could not be enforced.
Where a purchaser has executed a note for the price, and has obtained possession of the land, it has been decided,- that if he be sued upon the note, the fact that the contract was verbal, and the vendor has not executed a writing evidencing the sale,'does not furnish him with a legal defense to the action, because, as hé has acquired the possession of the land, and derived some benefit from the contract, there is not an entire failure of the consideration upon which the note was executed. That decision however, is not in conflict with the principles of this opinion. The purchaser in this case has derived no benefit whatever from the contract, nor has the vendor sustained any loss or prejudice, consequently the promise to pay the money was without any valid consideration whatever.
Wherefore the judgment is reversed, and cause remanded, that a new trial may be granted, and for further proceedings consistent with this opinion.