MARY W. BROWN ET AL. *v.* JOHN R. GAITHER.

**Specific Performance—Parol Contract.**

A parol contract for the sale of land can not be enforced, where defendant who purchased the land executed a note for the purchase price and delivered it in escrow, and plaintiff the next day tendered a deed for the land which was refused, the vendor at the time of the sale and ever since being in possession of the land.

APPEAL FROM HARDIN CIRCUIT COURT.

October 22, 1873.

OPINION BY JUDGE PETERS:

Appellee being in possession of some forty acres of land, to which appellants had some claim, they brought this suit against appellee and allege, in substance, in their original and amended petitions, that Mary W. Brown, executrix of Mason Brown, deceased, and Mason P. and Orlando Brown, executors of Orlando Brown, deceased, made a contract or an arrangement with appellee to convey to him their claim to the land by a quitclaim deed, in consideration of which he promised to pay them $416 on December 1, 1871, and to execute a note for the money, which he was to place in the hands of A. M. Brown, to be delivered to them so soon as they executed and delivered to appellee a deed of release for their claim; that on April 14, 1871, they made and acknowledged a deed to appellee in conformity to the contract, and tendered it to said A. M. Brown, and demanded the note of appellee from Brown for the $416, which he had made and left with said Brown, but that Brown refused to accept the deed, or deliver to them said note; that in a few days thereafter they tendered the deed to appellee himself and demanded the note, and that he refused to accept the deed or to give them the note. They file the deed tendered as a part of their petition.

In the amended petition appellants allege that the title to the land mentioned in their original petition was in their testators jointly; that under their wills appellants are fully empowered to sell, dispose of and convey the real estate left by said testators; that appellee had proposed to them to purchase their interest in said land and ——— acres south of it, and take a quitclaim deed or deed of release, and pay them therefor $416 on

December 1, 1871, which offer they accepted, whereupon a note was drawn and signed by appellee for said sum, and a deed to him for the land, signed and acknowledged by appellants, tendered to appellee, but which he refused to accept, and Brown, the agent, refused to surrender the note, etc.; that the contract or agreement was entered into on April 15, 1871, and the deed tendered the next day; and they pray for judgment against appellee for the $416 aforesaid, and the interest and costs of suit.

The court below was of opinion that the facts stated did not constitute a cause of action against appellee, and appellants seek a reversal of that judgment.

The contract is in parol, and appellee, at its date, was in possession of the land. It has been repeatedly held by this court that verbal contracts for the sale of land are not legally binding on either party until some writing evidencing the sale, and sufficient to take the contract out of the operation of the statute of frauds, is executed by the vendor and accepted by the vendee. Curnutt v. Roberts, 11 B. Mon. 42, and authorities cited. The purchaser in this case did not obtain the possession of the land under the contract, nor did he derive any benefit therefrom, nor have appellants sustained any loss by reason of the contract.

Appellee could not have compelled them to convey, and his promise to pay the money was without consideration and can not, consequently, be enforced.

Wherefore the judgment must be affirmed.

*Johnson,* for appellants.

*Murray,* for appellee.