## Second National Bank of Ashland, et al. v. Rouse, et al.

(Decided March 2, 1911.)

## Appeal from Johnson Circuit Court.

1.  Contracts—Mutuality—Option of Parties.—A contract to be binding must be mutual. One party can not be bound while the other has not the option to accept or reject its terms.
2.  Contract for Growing Timber—Writing.—A note can not be accepted as an evidence of a contract for the sale of growing timber which contemplates that some memorandum, at least evidencing the contract, must be signed by the seller and delivered by him to the buyer or to some one representing him.
3.  Growing Timber—Sale—Evidenced by Writing.—As a general rule growing trees are treated as realty to the extent that the title to them will not pass without some writing evidencing same. In this State it is well settled that where the trees are not sold for immediate severance and removal from the soil, title to them can only be passed by some writing signed by the parties to be bound, and delivered to the purchaser.

C. B. WHEELER and J. MORGAN CHINN for appellants.

VAUGHN, HOWES & HOWES for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On January 20, 1902, S. G. Preston sold to J. B. Preston all of the timber measuring eighteen inches and up from the ground on a tract of land containing 486 acres, more or less, on the waters of George's Creek, in Johnson county, for $400. No cash was paid, but the purchaser gave his promissory note, by which he agreed to pay the purchase price one year after date. The following recitation is found in the note, that this $400 was "for all the timber on 486 acres of land on George's Creek, from eighteen inches at the ground up, and the privilege to remove it." This recitation in the note is made important because it is claimed that it is a writing evidencing a sale of the standing timber. After the execution of this note, the land upon which this timber stood was sold to satisfy a mortgage debt, and in the deeds conveying it no reservation was made of the timber. The note passed into the hands of the Second National Bank of Ashland. It was not paid on January 20, 1903, the date of its maturity,

and on December 20, 1905, the bank brought suit against the maker of the note and Peter W. Rouse and George W. Daniels, the purchasers of the land, and sought to recover a judgment thereon and to have the timber on the land subjected to the satisfaction of this judgment, claiming that by virtue of the sale by S. G. Preston to J. B. Preston the latter acquired a superior title to the timber. Rouse and Daniels set out at length their purchase and ownership, denied that plaintiff had any lien by virtue of the sale relied upon, and in addition pleaded and relied upon the statute of frauds. Upon these issues the case was prepared and tried out. Judgment was rendered in favor of the bank against J. B. Preston, the maker of the note, but the court was of opinion, and so held, that it had no lien upon the timber. From this part of the judgment the bank prosecutes this appeal.

It is insisted for the appellant that the recitation in the note as to what it is for, is such a contract, evidencing the sale of this timber, as takes it beyond the operation of the statute of frauds. On the other hand, it is insisted for appellees that, as neither S. G. Preston nor his wife, V. H. Preston, signed, executed or delivered any writing or contract evidencing the sale of the timber to J. B. Preston, the sale is absolutely void. The only writing is the note, and it is upon the recitation upon the face of this note, coupled with the endorsement of S. G. Preston, that the appellant bank relies to prevent the transaction from falling with the inhibition of the statute. So much of the statute, section 470, as is pertinent, is as follows:

"No action shall be brought to charge any person * * * upon any contract for the sale of real estate, or any lease thereof, for longer than one year, nor upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof be in writing and signed by the party to be charged therewith, or by his authorized agent."

This note was signed by J. B. Preston, the buyer, not the seller of the timber. It is a promise to pay $400 with six per cent. interest one year from the date thereof. It was not intended to evidence the contract of sale, was not to be held by the purchaser as a protection to him, or to guarantee to him any rights, and when endorsed by S. G. Preston it was not his intention, in endorsing it, to

give it vitality as a contract representing the sale of this timber. His purpose was to invest the bank with the title to the note. This his endorsement did, and beyond this it had no effect whatever. The purchaser of the timber, J. B. Preston, had nothing whatever to show that he had bought it. S. G. Preston had signed nothing to show that he had sold it. A contract, to be binding, must be mutual. One party cannot be bound while the other has the option to accept or reject its terms. The minds must have met, and the contract, to be binding upon one, must be such that the other is likewise bound. The execution of the note bound J. B. Preston to pay the $400, with interest at the date of its maturity. This was the extent to which he was bound. If it took the endorsement of S. G. Preston to complete the contract, then it was never completed, but remained open until he endorsed the note to the bank, and might never have been closed unless he had elected to endorse it. The note cannot be accepted as an evidence of the contract of sale within the meaning of the statute, which contemplates that some memorandum, at least, evidencing the contract must be signed by the seller and delivered by him to the buyer or to some one representing him, as was expressly decided in Murray v. Pace, 6 Dana, 335. The note, even when endorsed by S. G. Preston, fails to meet the requirements of the statute, and the contract for the sale of this timber must be treated as a verbal contract.

As a general rule, growing trees are treated as realty to the extent that the title to them will not pass without some writing evidencing same. 20 Cyc., 212. In this state it is well settled that, where the trees are not sold for immediate severance and removal from the soil, title to them can only be passed by some writing, signed by the parties to be bound and delivered to the purchaser. Wiggins v. Jackson, 24 Rep., 2189.

It is apparent from the foregoing that there was no binding, enforceable contract between S. G. and J. B. Preston, and hence the trial court properly held that the bank by the purchase of the note acquired no lien whatever upon the timber on the land in question.

It becomes unnecessary to consider the other questions raised upon this appeal.

Judgment affirmed.