## Rhinehart v. Kelley, et al.

(Decided November 21, 1911.)

Appeal from Perry Circuit Court.

1. Statute of Frauds—Parol Sale of Land—Endorsement by Vendor of Check—Memorandum or Ratification in Writing.—The endorsement by vendor of a check drawn by vendee purporting to be given "for lot" purchased by parol contract, is not a signing by the party to be charged, and is not, therefore, a sufficient memorandum or ratification in writing to take the case out of the statute of frauds.

2. Same—Rescission—Lien of Purchaser.—Upon rescission of a parol contract for the sale of land, the vendee will not be entitled to a lien for improvements contracted or paid for, but not placed upon the land nor for loose lumber stacked upon the land, but will be permitted to remove the lumber.

W. H. MILLER, P. T. WHEELER for appellant.

EVERSOLE & EVERSOLE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Charging that they were the owners and entitled to the possession of a certain lot situated in the town of Hazard, Kentucky, and fully described in the petition, plaintiffs, E. Kelley and Millie Kelley, his wife, brought this action against defendant, A. C. Rhinehart, to recover the lot in question and also damages in the sum of $100 for the detention thereof.

Defendant answered in three paragraphs. In the first paragraph he denied plaintiffs' title and pleaded title in himself. In paragraph two he pleaded that, on April 13, 1910, plaintiff, E. Kelley, by parol contract, sold him the lot in question at the agreed price of $400. After said purchase he paid to plaintiff $200 of the purchase price by check drawn on the First National Bank, of Hazard, Kentucky, and made payable to plaintiff. This check was indorsed and signed by plaintiff, who drew from said bank and received the money thereon. The remainder of the purchase price was to be paid on the execution of the deed. The check contained these words: "For lot." The indorsement of the check by plaintiff under these circumstances it is alleged was a written ratification of the parol contract of sale. At the

same time the defendant tendered the balance of the purchase price and asked that plaintiff be required to accept same and make to him a deed conveying the lot in question.

In paragraph three defendant pleaded that he had made permanent improvements on the lot in question, of the value of $200. In addition to this he had made a contract with the house builder to construct a residence on the lot and, relying upon the oral contract of sale, he had paid to the builder the sum of $535 as part of the contract price. He had also procured and had hauled upon the lot about 4,500 feet of dressed pine lumber, of the value of $135 which was to be used in said building.

Defendant asked that plaintiffs' petition be dismissed and that they be required to execute to him a deed for the lot, but, if not entitled to that relief, that he be adjudged a lien upon the land for the purchase money paid and the value of the permanent improvements made thereon, and also for the $535 paid the contractor and the sum of $135, the value of the lumber on said lot.

After filing a demurrer to each paragraph of the answer, which was sustained, plaintiffs filed a reply wherein they denied the value of the improvements made by defendant and alleged that the only permanent improvement made by defendant on the lot in question was the digging of a well of the value of $75. No further pleadings were filed, nor was any proof taken.

Upon submission of the case the court held that the contract of sale was within the Statute of Frauds, and, therefore, unenforceable. He accordingly directed that the contract be rescinded. He further held that defendant had paid $200 of the purchase price on August 13, 1910, and that on or about the 15th day of October, 1910, the defendant drilled a well on the lot in question, which had enhanced the value of same to the extent of $75. For these sums he adjudged a lien in favor of defendant, and directed that the lot be sold. The defendant appeals.

It is insisted by counsel for defendant that the indorsement of the check drawn by defendant, which recites that it was given "for lot," taken in connection with the fact that defendant was placed in the actual possession of the lot, is a sufficient ratification of the parol contract to take the case out of the statute. The doctrine that part performance of an oral contract is

sufficient to take the case out of the statute does not prevail in this State. Dean v. Cassidy, 88 Ky., 572; Waters v. Cline, 27 Ky. Law Rep., 480; Miller v. Hart, 29 Ky. Law Rep., 73. That being true, the only question to be determined is: Was the indorsement of the check a sufficient ratification of the parol contract?

The statute of frauds provides that no action shall be brought to charge any person upon any contract for the sale of real estate unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof be in writing and signed by the party to be charged therewith, or by his authorized agent. (Kentucky Statutes, section 470.) Construing this section this court has held that the party to be charged in the case of the sale of real estate is the vendor. (City of Murray v. Crawford, 138 Ky., 25.) Section 468; of the Kentucky Statutes, provides:

"When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

The only person who signed the check in question, within the meaning of this section, was the defendant, who drew the check and who was the vendee and not the vendor. The indorsement of the check by plaintiff, the vendor of the land, made merely for the purpose of collecting the money on the check, was not a signing, within the meaning of the statute, by the party to be charged. We, therefore, conclude that the trial court properly held that the check in question, though purporting to be given for a lot and indorsed by plaintiff, did not constitute such a ratification of the parol contract of sale as to take the case out of the statute.

But it is insisted that the trial court erred in failing to give defendant a lien for the amount of money paid by him to a builder who had entered into a contract with him to construct a house on the premises, and in not giving him a lien for the value of the loose lumber placed on the premises. In a case like this the purchaser of real estate under a parol contract which is rescinded, is entitled to a lien only for the purchase money with interest, and for the value of permanent improvements made on the land, to be apportioned between him and the vendor upon equitable principles. In this case the court permitted defendant to remove the loose lumber. The lumber did not constitute an improvement. As

the house, for the construction of which the contractor was paid $535, was never constructed, in whole or in part, it in no sense constitutes an improvement. The theory upon which the purchaser is entitled to a lien for improvements is that the improvements have enhanced the value of the land. Contemplated improvements, or improvements actually contracted for, but never placed upon the land, have no effect upon the vendible value of the land.

As the court permitted the defendant to remove the loose lumber, which was proper, no complaint can arise on this score.

Judgment affirmed.