## Purtell, et al. v. Bell; et al.

(Decided February 19, 1918.)

## Appeal from Boyd Circuit Court.

1.  Frauds, Statute of—Sufficiency of Description.—Where a check for $250.00 given by the drawer in part payment of the purchase price for a house and lot to an agent of the owner of the property authorized to sell it, the endorsement made on the check by such agent and a letter thereafter written by the latter to the owner, when read together, described the property sufficiently to designate and identify it; and the letter, in addition, informed the owner that the price agreed to be paid for the property by the purchaser was what he had authorized the agent to accept for it, and that the remainder of the consideration, $5,000.00, would be paid by the purchaser upon the delivery to him of a deed by the owner and his wife conveying the property to the purchaser's wife: Held, that the check, endorsement thereon and letter, together, constituted such a memorandum of the contract as met the requirements of the statute of frauds.

2.  Frauds, Statute of—Suficiency of Description.—The body of the check and endorsement thereon furnished of themselves a sufficient description of the real estate sold, and the letter from the agent to his principal advised the latter of all the terms of the contract of sale; and as the endorsement on the check and letter to the seller were signed by the agent authorized to make the sale, both were, in the meaning of the statute signed by the party to be charged. Therefore, the check and letter, together, contained all the essential elements of a valid contract; the names of the parties, the description of the property, the consideration, all the terms and conditions of the sale and the signature of the authorized agent of the party to be charged.

3.  Frauds—Statute of—Sale of Real Property—Parol Authority of Agent to Make Deed.—Though the agent to make a deed must be authorized by deed, yet the agent to enter into an agreement to convey is sufficiently authorized by parol only. Therefore, parol authority to the agent who made the sale of the real estate in this case, to make it, was all that was required.

HAGER & STEWART and S. S. WILLIS for appellants.

WILHOIT & WILHOIT, J. B. WILHOIT and W. E. WILHOIT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

This is an action brought to compel the specific performance of a contract whereby the appellants, J. E. Purtell and Nell M. Purtell, his wife, claim to have pur-

chased of the appellees, Geo. G. Bell and Jessie Bell, a brick dwelling house and lot in the city of Ashland which, it is alleged, the latter refused to convey them by proper deed, pursuant to the terms of the contract. The circuit court sustained a demurrer filed by appellees to the petition, as amended. Appellants refusing to plead further, the action was dismissed at their cost; and from the judg-, ment manifesting these rulings they have appealed.

It is alleged in the petition that the appellee, Geo. G. Bell, was the owner and in possession of the house and lot in question, which is on West Bath Avenue in the city of Ashland, Boyd County, Kentucky, the same being further described in the petition by metes and bounds, courses and distances; that shortly before the 27th day of April, 1917, the appellees, Geo. G. Bell and Jessie Bell, his wife, authorized the Ginn Realty Company, a partnership consisting of W. A. Ginn, B. F. Forgy and A. B. Ginn, doing a real estate business in the city of Ashland, to sell for them the above property, and employed them as agents to make such sale at a price not less than $5,000.00 net to the appellees; that thereafter on April 27, 1917, the Ginn Realty Company, by contract made with the appellants, sold them the property at the price of $5,250.00, of which $250.00 was then paid by appellants in the check of the appellant, J. E. Purtell, drawn on the Second National Bank of Ashland, payable to the order of W. A. Ginn, agent; one of the members of the partnership composing the Ginn Realty Company. The remaining $5,000.00 of the consideration by the terms of the contract was to be paid in cash upon delivery to appellants of a proper deed from the appellees conveying the property to Nell M. Purtell, wife of J. E. Purtell. The check was in words and figures as follows:

Ashland, Ky., April 27, 1917.

SECOND NATIONAL BANK.

$250.00.

PAY TO THE ORDER OF W. A. GINN, AGENT.

...................Two Hundred and Fifty Dollars...................

Payment on Bell property.

J. E. PURTELL.

After the delivery of this check to W. A. Ginn, agent, he made thereon the following endorsement: "W. A. Ginn, agent, for delivery Geo. G. Bell. Apply on residence West Bath Avenue, Ashland, Ky." When so endorsed W. A. Ginn presented the check to the Second National Bank of Ashland and received from the bank the $250.00 for which it was drawn. Within a few days after thus receiving and cashing the check, W. A. Ginn, as member of the partnership, Ginn Realty Company, wrote, signed and delivered by mail to the appellee, Geo. G. Bell, the following letter:

"Ashland, Ky., May 9, 1917.

"Dr. Geo. G. Bell,
    Ashland, Ky.,

"Dear Sir:

"Referring to your recent communication to sell your brick residence on lower Bath, Ashland, Ky., I beg to advise that we have sold same to Mr. John E. Purtell for the sum of $5,250.00 cash, and have accepted from him the sum of $250.00 to bind same. Please prepare a deed in the name of his wife, Nell M. Purtell, and submit for his approval and examination of title, whereupon he will pay over the balance, $5,000.00. Our patrons are anxious to move and get settled before warm weather comes and we trust that you will act promptly.

"Respectfully,
"GINN REALTY COMPANY.
"Per W. A. GINN."

It is further alleged in the petition that appellees refused to accept the further payment of $5,000.00 in cash upon the house and lot, or to execute and deliver a deed conveying the property to the appellant, Nell M. Purtell, although the latter and her husband, the appellant, J. E. Purtell, were prepared and willing to make the payment of the balance of $5,000.00 upon delivery of the deed.

The only question raised by the appeal is whether the petition, as amended, states a cause of action and whether it states a cause of action must, of course, depend upon whether the writings relied on as evidencing the contract of sale, singly or together, are sufficient to satisfy the statute of frauds. The statute (section 470, Kentucky Statutes) is as follows:

"No action shall be brought to charge any person . . . . (6) upon any contract for the sale of real

estate . . . . unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum, or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent; but the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence."

It appears from the averments of the petition that the real estate described therein is the only property owned by the appellees on Bath Avenue, city of Ashland, and that it is the same property referred to in the check given by the appellant, J. E. Purtell, to W. A. Ginn, appellees' agent, also in the endorsement made upon the check by him as such agent, and in the letter later written by the latter to his principals advising them of the sale to appellants of the property. Obviously, the check, endorsement thereon and letter together designate and identify the real estate, its location, and the terms of the contract; and it has been well settled by this court that the memorandum intended to evidence the contract need not be confined to a single writing or that it be executed at the time the sale is negotiated. The writing may be subsequently prepared and executed, and if two or more writings made with reference to the contract of sale, together, supply a sufficient memorandum of the contract they will be considered together in determining whether the contract shall be enforced. Campbell v. Preece, 133 Ky. 577; Salmon v. Goddard, 14 Howard 448, 14 L. Ed. 494; Beckwith v. Tolbert, 45 U. S. 294, 24 L. Ed. 496; Benjamin on Sales (7th Ed.), 222. Under the rule thus stated the check and letter referred to should, therefore, be considered together in determining whether they constitute such a written memorandum of the contract as will satisfy the statute of frauds. And the fact that they do not either separately or together present the agreement of the parties in the form of a contract is not material; for no particular form of writing is required. In Wood on "Statute of Frauds," section 345, the author in dealing with this question said:

"It is immaterial in what form the memorandum is made, or whether it was ever delivered to the other or not, provided that, in itself, or by reference to the writings, it embraces all the essential elements of the contract. Nor is it material in what form the writing ad-

mitting the existence of a contract, the memorandum of which is signed by one party, is made by the other party. If it admits the contract, and refers to the memorandum in such a manner that the court can connect it therewith and ascertain the terms of the contract without the aid of parol evidence it is sufficient to bind him, although he did not intend thereby to ratify the contract. The moment written evidence of the contract, under his hand, in whatever form, exists, the contract is taken out of the statute, even though such admission is in the form of a letter repudiating the contract." Miller v. Antle, 2 Bush 407; Ellis v. Deadman, 4 Bibb 466; Campbell v. Preece, 133 Ky. 577; Evans v. Miller, 5 R. 606; 20 Cyc. 253.

The main contention of appellees' counsel here is that the check and letter neither separately nor together furnish a sufficient description of the real estate claimed to be the subject of the sale. We regard this contention as untenable. A precise or minute description of the real estate sold is not necessary to be set forth in the memorandum.

It is sufficient if the writing contains the means of identifying the property. Thus in Foor v. Mechanics B. & F. Co., 144 Ky. 682, it is said:

"A contract for the sale of real estate is not within the statute of frauds when it contains the means of identifying the property, as where it is described as the place where the vendors now live." In Bates v. Harris, 144 Ky. 394, the description was: "Her Muddy Creek Farm. The farm embraces 133 acres." This was held sufficient. In Winn v. Henry, 84 Ky. 48, the description was: "Silver Lake Place, near Washington, Ky., containing 52 acres, more or less." The description was held sufficient. In Henderson v. Perkins, 94 Ky. 207, the following description contained in the memorandum of sale: "My home place and storehouse," was held to satisfy the statute. In Tyler v. Ontts, 93 Ky. 333, a receipt reciting that it was for $100.00 cash payment on lot No. 4, block 9, N. E. in Middlesborough, Ky., was held sufficient to evidence a contract of sale. In Campbell v. Preece, supra, it is said:

"If the writing identifies the land, that, of course, ends the inquiry. If it does not identify it, but affords means of identification, that is deemed sufficient. If the means of identification are other records or writings, it

is practically certain. But if not other writings, as it may not be, it may nevertheless be a satisfactory means. All that is required is that it shall be susceptible of certainty. If, when the means are resorted to, it is still left open what lands are meant to be conveyed, the description will be bad. Therefore it is never good to refer to a future event, as that could not have been certain when the memorandum was made. But generally a reference to an existing or past event is good. There it can be known certainly what was intended; for that which has transpired is changeless." In that case two writings were relied on as affording evidence of the contract, with respect to which it is, in the opinion, said:

"Reading the two writings together, it is noted that appellant states he had theretofore sold appellee certain land on the Shanty Branch on the left fork of Peter Creek, in Pike County, Ky. The location of the land is then established. Its boundary alone remains to be ascertained. The writings speak of the transaction in the past tense. It refers to the land which Campbell had sold Preece. If it had stated, 'the land where Joseph Preece now lives,' or the land 'where Joseph Preece lived in 1899,' it would not be questioned that the description would have ben sufficient. Parol evidence is always receivable to identify the land spoken of in the writing, but not to designate it."

In Allen v. Staley, 119 S. W. 755 (not reported elsewhere), it was held that a check given in payment for a passway over land alleged to have been granted by an oral agreement was insufficient to take the agreement out of the statute of frauds; but this was because the check was not signed by the party to be charged, contained no identification or description of the passway and was not accepted by the owner of the passway. In the opinion it is said:

"The check is unavailing to take the contract out of the statute of fraud and perjuries. In the first place, it did not identify or describe the passway which was the subject of the contract. In the second place, it was not 'signed by the party to be charged.' While a written memorandum that will satisfy the statute may be an undelivered writing, or a writing other than the contract which rests upon it, it still is necessary for the parties to have entered into a contract respecting the land. In this case there was not a contract, for the minds of the

parties never met. One supposed he was granting a passway for foot passengers and nothing more. The other supposed he was obtaining a passway for vehicles, horses and foot passengers and nothing else. We have not the words of the agreement before us. The proof does not disclose them. So we are unable to say that a contract was entered into between the parties. The check, aside from the deficiencies already indicated, was not a contract, as it was not accepted."

It will readily be seen that the conclusion stated in the opinion of the case *supra* is wholly inapplicable to the instant case. Here the check given by the purchaser of the real estate to the agent of the owner and seller not only contains in the body of it a statement showing it to be a "payment on Bell property," but also a statement written on the back of it by the agent of the seller showing his acceptance of it "for delivery to Geo. G. Bell," the seller, and the application of its proceeds as a cash payment "on residence Bath Avenue, Ashland, Ky.," which was the property sold. If, as argued by counsel for appellees, the evidence thus furnished by the check should not be held sufficient to satisfy the statute of frauds, the letter shortly thereafter written appellees by their agent informing them of all the terms of the contract, describing more fully the property sold and directing their early compliance with the terms of sale, together with the check, presents such a memorandum of the contract as should be held to substantially conform to the requirements of the statute, and such is our conclusion. The facts that the endorsement upon the check showing the purpose of its acceptance and the application made of the proceeds and that the letter were signed by the agent of appellees, constitutes as much a signing of these writings by the person to be charged as if both had been signed by the latter, and the two together furnish all the means necessary, not only to an understanding of the terms of the contract, but also to the designation and identification of the real estate constituting the subject thereof.

No case involving the question at issue, resting upon the precise state of facts here presented, has ever reached this court for adjudication, but in other jurisdictions cases based on similar facts have been decided, as we now hold. In one of these, Bronx Investment Company v. National Bank of Commerce, 47 Wash. 566, the ac-

tion was brought against the bank by the Bronx Investment Company, purchaser, to compel the delivery of a deed pursuant to the terms of an escrow agreement theretofore entered into between the plaintiff and the grantors named in the deed. The real estate to be conveyed consisted of certain lots situated in the city of Seattle, for which the purchaser was to pay upon delivery of the deed $39,000.00 net to the owners, $19,000.00 in cash and the remainder on time, evidenced by two notes of $10,000.00 each, due two years after date with six per cent. interest and secured by mortgage on the property to be conveyed. The purchaser tendered to the bank the cash payment, notes and mortgage, but the bank refused to accept the tender or deliver the deed. A decree was entered by the lower court in accordance with the prayer of the petition and, on appeal, the supreme court affirmed the judgment. The principal ground urged for the reversal of the judgment of the lower court was, that it was incumbent on the purchaser to prove a valid, enforcible contract for the conveyance of the property, independent of the escrow agreement, and that it failed in this. In the opinion it is, in part, said:

"For the purposes of this appeal, we will assume that it was incumbent on the respondent to prove a valid subsisting contract for the sale of the property, independent of the escrow agreement; but we think the evidence fully sustains the findings of the court in this regard. All negotiations leading up to the sale were conducted through Jos. Shippen, husband of one of the vendors and brother-in-law to the other, on the one side, and W. W. Hay, on the other. The testimony shows conclusively that Jos. Shippen was the duly authorized agent of the vendors and that they fully ratified and confirmed all his acts in the premises. It would seem also that W. W. Hay, represented the vendors, in a measure at least, but whether he was their agent, the agent of the purchaser, the agent of both parties, or a mere go-between, we do not deem it material to inquire; for in either case the letters from Jos. Shippen to W. W. Hay, in whatever capacity the latter may have acted, and the letters from Jos. Shippen to the bank, whether as agent of the vendors or escrow holder, fully satisfied the requirement of the statute of frauds. They contained all the essential elements of a valid contract; the names of the parties, the description of the property, the consider-

ation, and all the terms and conditions of the sale. 'A letter may be a sufficient memorandum and so may a telegram; and several letters and telegrams relating to the subject matter of the contract may constitute a sufficient memorandum. The memorandum is adequate; although the letter or telegram is addressed to the writer's agent or to a third person. 20 Cyc. 254.' "

In support of the above conclusions of the court the opinion cites the cases of Lee v. Cherry, 85 Tenn. 707, 4 S. W. 835, 4 Am. St. 800; Singleton v. Hill, 91 Wis. 57, 64 N. W. 588, 51 Am. St. 858; Tobin v. Larkin, 183 Mass. 389; Thyer v. Luce, 22 Ohio St. 62, which seem fully to sustain it.

It is true that the Ginn Realty Company only had verbal authority from appellees to sell the real estate in question, but such authority was sufficient. The statute does not require that it should have been given the agent in writing and we have so declared in numerous cases. Womack v. Douglas, 157 Ky. 716; Whitworth v. Poole, 29 R. 1104; Monroe v. Bailey, 145 Ky. 794.

We do not regard the opinion in Hall, &c. v. Cotton, 167 Ky. 464, as militating against the conclusions we have expressed. In that case the only description of the property contained in the writing relied on as evidencing the contract, was that it was "their farm of fifty-three and thirteen-sixteenths acres." In holding this an insuffiicient description we said:

"The evidence of identity must be furnished by the description in the writing; and where in such writing there is no reference to any town, village or stream, or other well known local object, or to a former record conveyance of the same property, which would enable one to point out such property from the reference in the description and there must be a resort to evidence not furnished by the writing itself to identify the subject matter, then it will be regarded as insufficient. The description in the writing involved in this case was not sufficient to enable one to designate or point out the land which was the subject matter of the contract and was, therefore, insufficient under the statute."

In the case before us no such difficulty as that pointed out in Hall, &c. v. Cotton can be claimed to exist, for here the real estate sold is described both in the check and letter as being on West Bath Avenue in Ashland, Ky. The description is, therefore, sufficient to enable

one without difficulty to "designate or point out" the property. Hence, the writings do not come within the condemnation of the statute.

As in our opinion the petition, as amended, states a cause of action; that is, a prima facie right in the appellants to the enforcement of the contract made by them with appellees through their agent, the judgment of the circuit court is reversed and cause remanded with directions to set aside the order sustaining the demurrer and enter in lieu thereof such a judgment as will conform to the opinion. Whole court sitting.