## Campbell v. Pursifull.

May 29, 1945.

Baker & Reams for appellant.

J. B. Carter and Astor Hogg for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was instituted by appellant against appellee to recover damages for the breach of an oral contract of sale for real estate situate in Harlan. The memorandum relied upon to take the case from out the purview of the Statute of Frauds (KRS 371.010) is a check signed by appellant, payable to appellee, which is in the following words and figures:

"Harlan Kentucky No. 292
"March 18, 1944

"Silas Campbell
"Contractor and Builder
"Pay to the
Order of......John Mat Pursiful......
     $360.00

"Three Hundred Sixty........Dollars Rent on Gulf Refining Property for one year with the right to renewal or purchase of property. The above amount to be deducted from purchase price any time within the year.
"To The Bank of Harlan
"Harlan, Kentucky.

"Silas Campbell"

Endorsement on back as follows:

"John Mat Pursiful."

The statute, in so far as applicable, provides that no action shall be brought to charge any person upon any contract for the sale of real estate, unless the agreement of some memorandum thereof be in writing and signed by the party to be charged. The signing relied upon in this case is an endorsement on the back of the check above set out, and by which endorsement appellee, Pursifull, obtained the face value of the check, viz., Three Hundred Sixty Dollars ($360.) The trial court sustained a demurrer to the petition as amended, and entered judgment dismissing the petition. Appellee contends the judgment should be affirmed, because: (1)

The check does not sufficiently describe the property which was the subject of the contract of sale; (2) an endorsement on the back of a check by the person to be charged is not a signing of the memorandum, within the meaning of KRS 371.010, supra; and (3) there being no consideration for the option, it could be withdrawn before acceptance without liability. If appellee is correct in either of his contentions, the judgment must be affirmed.

The precise question raised by the second contention has first been decided by this court in Second National Bank of Ashland v. Rouse et al., 142 Ky. 612, 134 S. W. 1121; and second in Rhinehart v. Kelley et ux., 145 Ky. 470, 140 S. W. 653, 654. In the Rhinehart case, the court arrived at its decision without reference to the Rouse case, but by independent reasoning arrived at the same conclusion. In Rhinehart v. Kelley, supra, the plaintiff relied upon a check for the payment of one-half of the purchase price of the property. After citing the provisions of the statute of frauds, the Court said: "Construing this section, this court has held that the party to be charged in the case of the sale of real estate is the vendor. City of Murray v. Crawford, 138 Ky. 25, 127 S. W. 494 [28 L. R. A., N. S., 680]. Section 468 of the Kentucky Statutes (Russell's St. sec. 1774) (now compiled as KRS 446.060) provides: 'When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing.' The only person who signed the check in question, within the meaning of this section, was the defendant, who drew the check, and who was the vendee, and not the vendor. The indorsement of the check by plaintiff, the vendor of the land, made merely for the purpose of collecting the money on the check, was not a signing, within the meaning of the statute, by the party to be charged."

In Second National Bank of Ashland v. Rouse et al., supra, the memorandum relied upon was a promissory note for the purchase price of the property executed by the vendee in favor of the vendor, who in turn endorsed the note, and by such endorsement and delivery assigned it to the Second National Bank of Ashland. The Court said [142 Ky. 612, 134 S. W. 1122]: "This note was signed by J. B. Preston, the buyer, not the seller, of the

timber. It is a promise to pay $400, with 6 per cent. interest, one year from the date thereof. It was not intended to evidence the contract of sale, was not to be held by the purchaser as a protection to him, or to guarantee to him any rights, and when indorsed by S. G. Preston it was not his intention, in indorsing it, to give it vitality as a contract representing the sale of this timber. His purpose was to invest the bank with the title to the note. This his indorsement did, and beyond this it had no effect whatever.''

Appellant relies on the decision of this Court in Purtell et ux. v. Bell et ux., 179 Ky. 356, 200 S. W. 644. But that case is clearly distinguishable from the cases above quoted, and is not authority for appellant's position, as will be seen when we consider the facts. Through his agent, W. A. Ginn, Dr. Bell sold his property to Mr. Purtell, who paid a portion of the purchase price by a check in the following words and figures:
''$250.00    Ashland, Ky., April 27, 1917.

''Second National Bank: Pay to the order of W. A. Ginn, agent, two hundred and fifty dollars. Payment on Bell property.
''J. E. Purtell.''

After delivery of the check to the agent, the latter made the following endorsement thereon: ''W. A. Ginn, agent, for delivery Geo. G. Bell.

Apply on residence West Bath avenue, Ashland, Ky.''—and received from the Second National Bank of Ashland the amount of money for which it was drawn. Within a few days after cashing the check, Mr. Ginn wrote, signed, and delivered to Dr. Bell the following letter:

''Ashland, Ky., May 9th, 1917.

''Dr. Geo. G. Bell, Ashland, Ky.—Dear Sir: Referring to your recent communication to sell your brick residence on lower Bath, Ashland, Ky., I beg to advise that we have sold same to Mr. John E. Purtell for the sum of $5,250.00, cash, and have accepted from him the sum of $250.00 to bind same. Please prepare a deed in the name of his wife, Nell M. Purtell, and submit for his approval and examination of title, whereupon he will pay over the balance, $5,000.00. Our patrons are anxious

to move and get settled before warm weather comes and we trust that you will act promptly.

"Respectfully,

"Ginn Realty Company,

"Per W. A. Ginn."

The Court said:

"Obviously the check, indorsement thereon, and letter together designate and identify the real estate, its location, and the terms of the contract; and it has been well settled by this court that the memorandum intended to evidence the contract need not be confined to a single writing, or that it be executed at the time the sale is negotiated. The writing may be subsequently prepared and executed, and if two or more writings made with reference to the contract of sale together supply a sufficient memorandum of the contract, they will be considered together in determining whether the contract shall be enforced. (Citations follow)* * *.

"* * * Here the check given by the purchaser of the real estate to the agent of the owner and seller not only contains in the body of it a statement showing it to be a 'payment on Bell property,' but also a statement written on the back of it by the agent of the seller showing his acceptance of it 'for delivery to Geo. G. Bell,' the seller, and the application of its proceeds as a cash payment 'on residence Bath avenue, Ashland, Ky.,' which was the property sold. If, as argued by counsel for appellees, the evidence thus furnished by the check should not be held sufficient to satisfy the statute of frauds, the letter shortly thereafter written appellees by their agent informing them of all the terms of the contract, describing more fully the property sold and directing their early compliance with the terms of sale, together with the check, presents such a memorandum of the contract as should be held to substantially conform to the requirements of the statute, and such is our conclusion. The facts that the indorsement upon the check showing the purpose of its acceptance and the application made of the proceeds and that the letters were signed by the agent of appellees constitutes as much a signing of these writings by the person to be charged as if both had been signed by the latter, and the two together furnish all the

means necessary, not only to an understanding of the terms of the contract, but also to the designation and identification of the real estate constituting the subject thereof.

"No case involving the question at issue, resting upon the precise state of facts here presented, has ever reached this court for adjudication, * * *."

The argument that Purtell v. Bell, supra, overrules the decisions relied upon by appellee is refuted by the last sentence quoted above. But even had the Court not so concluded, we find little difficulty in making a distinction between the memorandums relied on in the two cases. In the Purtell case, the endorsement on the check was not the sole memorandum. The letter written by the agent of the party to be charged was signed by him, and set out the complete terms of the contract and the description of the property contracted to be sold. Obviously, this alone was a sufficient memorandum signed by the party to be charged, because his agent's signature, as was held in that case, was as binding upon the principal as if the principal had signed the memorandum in person. Harper v. Battle, 180 N. C. 375, 104 S. E. 658, 20 A. L. R. 357, supports appellant's contention. But we do not feel disposed to overrule decisions of this Court which have been in effect for a period exceeding thirty years, upon the single authority of another jurisdiction, even though we might have some doubt as to the soundness of previous decisions of this Court. Therefore, we conclude, under the authorities above cited, that a blank endorsement by the payee of a check is not a signing of a memorandum of the sale of real estate as contemplated by KRS 371.010.

Having arrived at this conclusion, it is unnecessary for us to determine whether the description of the property on the check was sufficient, or to determine the third question raised.

The judgment is affirmed.