**Josephine H. PHELPS, Appellant,**

v.

**Elmore V. HAM, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Thomas J. Sabetta, Owensboro, for appellant.

Ridley M. Sandidge, Owensboro, for appellee.

MILLIKEN, Justice.

This is an appeal in an equity action in which appellee, Elmore V. Ham, was adjudged to have an enforceable oral contract for the purchase of an undivided one-half interest in real estate and in which his sister, the appellant, Josephine H. Phelps, in whose sole name the record title to the property was held, was enjoined from instituting eviction proceedings against him and from selling or contracting to sell the real estate. The appellant contends that memoranda introduced 'by her brother were not sufficiently comprehensive to take the contract out of the statute of frauds, while her brother, the appellee, insists, in effect, that the equities of the situation take the statute of frauds out of the case.

After the death of her husband in 1946, Mrs. Phelps did not wish to live alone and had enough money to finance the purchase of a home. On the other hand, her brother, Mr. Ham, was over 70 years of age, was retired, had little money, and depended on a Spanish-American War pension, Social Security, and the help of his daughters for the livelihood of himself and wife. The parties found a 2-apartment house at 1630 Parrish Avenue in Owensboro which was suited for their purpose, and it was purchased by Mrs. Phelps at a price of $8,500 with the admitted understanding that her brother would occupy the lower apartment and pay her at the rate of $500 a year on his half of the purchase price. She occupied the upstairs apartment soon after he and his wife occupied the lower, and even during this litigation the belligerents held fast to their respective apartments. A number of receipts were introduced in evidence showing that Mr. Ham made his monthly payments as promised. These receipts were dated at Owensboro, designated the premises as 1630 Parrish Avenue, showed the amount of each payment, and that it represented part payment on the purchase price of said premises. A number of the receipts even showed that they represented payments for an undivided one-half interest in the property. All of the receipts were signed by Mrs. Phelps or her agent.

Appellant contends that the receipts did not encompass enough of the elements of a contract to take the oral agreement out of the statute of frauds. It is true that the total amount of the purchase price did not show upon them and that the total annual payment to be made by Mr. Ham is not patent on the face of the receipts, but all of the monthly receipts were either for $41.67 or $41.66. He had paid a total of $2,832.50 by July 1, 1952, at the rate of $500 a year. There is no question but that the receipts were signed by Mrs. Phelps or her agent, clearly designated the property, and showed by easy inference the total amount of the annual payment to be made by her brother. By statute in Kentucky, KRS 371.010, a part of our statute of frauds, "The consideration need not be expressed in the writing, but it may be proved * * * or disproved by parol or other evidence." See, also, Ewing v. Stanley, 69 S.W. 724, 24 Ky. Law Rep. 633. Mrs. Phelps readily admitted that she initiated the decision to buy the property with her brother—"that we would buy

a home on half" and that she "would pay for the property and he could pay me one-half."

Appellant also complains that the memoranda do not show how taxes and maintenance costs are to be borne, nor do they reveal that any interest is to be paid by the appellee. The receipts do not reveal for what length of time the payments are to be made, but it seems clear to us that the number of monthly payments would have to be extended to cover Mr. Ham's share of expenses and interest imposed by law. In other words, provision for them was not an essential ingredient of a writing which would take the agreement out of the statute of frauds, and they are more in the nature of legal consequences than essential ingredients of a memorandum.

The conglomeration of case law with its varied factual situations is not of much help in determining the sufficiency of memoranda in a particular case. This predicament is commented upon in Section 499. Corbin on Contracts:

"For purposes of applying the statute of frauds, * * * what terms are so 'essential' that they cannot be supplied by parol evidence is a question of degree to be answered in the light of the circumstances of the particular case. A rule stated in such words as these does not go far in helping a court decide a case; but it should serve to warn the court that the application of the statute is not a mere matter of textual interpretation, that there is no easy hard-metaled road to justice, and that it must bear the responsibility for determining how best to attain the substantial purpose of the statute under the circumstances of the particular case before it. * * * If a memorandum for the sale of land describes the land, the price and the parties, it satisfies the statute if the parties made an oral agreement containing only those terms, intending to be bound thereby, saying nothing whatever as to the form of deed, the time and place of payment and delivery, what shall be done with respect to taxes and existing encumbrances. If the parties sufficiently expressed an intention not to be bound until these matters are agreed upon, not even an oral contract has as yet been made." (Citing numerous cases.)

In the present case the receipts together with the years of tenancy and the appellant's admissions leave us with the vivid impression that she is attempting to use the statute as a sword and not a shield. We are aware that the statute which was enacted to prevent fraud may be used for unjust ends. In view of the general rise in real estate values during the period from 1946 to date, it would be difficult to restore the parties to their respective positions before they embarked on this business venture. We conclude, therefore, that the chancellor exercised good judgment in the circumstances in using his equity powers to hold the appellant to her admitted agreement.

The judgment is affirmed.