NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0279n.06

No. 18-5975

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
May 29, 2019
DEBORAH S. HUNT, Clerk

THOMAS R. BACK, Individually and on behalf of all others similarly situated,

    Plaintiff-Appellant,

v.

CHESAPEAKE APPALACHIA, L.L.C.;
CHESAPEAKE OPERATING LLC,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

Before: CLAY, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Thomas Back claims that Chesapeake Appalachia, L.L.C. and Chesapeake Operating LLC (together, Chesapeake) failed to pay the full amount of royalties due to him and other landowners for gas extracted from their land. The district court dismissed Back's claims for failure to satisfy Kentucky's statute of frauds. We reverse that decision and remand for further proceedings.

In 1940, Back's family entered an oil-and-gas lease with the Inland Gas Corporation. That lease provided a flat-rate royalty of 12 cents per thousand cubic feet of gas. In the decades that followed, Inland's successors in interest began to pay a royalty of 12.5% of the market price for the extracted gas, rather than the flat rate of 12 cents. Eventually, Back came to own a portion of the land in question, and Chesapeake came to own the lease. Chesapeake, like its predecessors, purported to pay royalties of 12.5% of the market price for the gas extracted.

In 2016, Back filed a putative class-action lawsuit against Chesapeake, alleging that Chesapeake had underpaid him and other landowners by deducting too many expenses from its royalty payments and by basing its royalty payments on false market prices. Chesapeake moved to dismiss. The district court dismissed Back's claims for breach of contract, breach of an implied covenant, fraud, and accounting, holding sua sponte that Kentucky's statute of frauds barred him from claiming that his agreement differed from the original 1940 lease. *See* Ky. Rev. Stat. Ann. § 371.010. We review that decision de novo. *See Louisiana Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010).

To satisfy Kentucky's statute of frauds, Back must provide one or more writings which together identify the parties to the lease, the property, and the modified royalty amount. *See Purtell v. Bell*, 200 S.W. 644, 645–46 (Ky. 1918). At least one of those writings must also bear Back's signature as the lessor. *See Klatch v. Simpson*, 34 S.W.2d 951, 953 (Ky. 1931). The parties agree that the original lease agreement satisfies the statute of frauds. The question is whether the statute of frauds bars Back's claim that—at some point in the decades that followed—Chesapeake's predecessor agreed to pay a royalty that was a percentage of the gas's market price, rather than a flat rate.

Here, Chesapeake's royalty statements—which Chesapeake itself submitted in support of its motion to dismiss—contain all of the requisite information except Back's signature. Those statements identify Chesapeake and Back as parties to the lease, identify Back's land by its parcel number in Knott County, and list the royalty amount as 12.5% of the gas's market price. And if Back signed the royalty checks that came with the statements, as he contends in his brief, then the royalty statements and the checks together would satisfy the statute of frauds. *See Phelps v. Ham*,

273 S.W.2d 814, 815-16 (Ky. 1954). Hence the district court erred in dismissing Back's claims on this ground.

Chesapeake contends that Back did not plead facts adequate to address the statute of frauds. But Back did not need to plead those facts because the statute of frauds is an affirmative defense for Chesapeake to raise. *See* Fed. R. Civ. P. 8(c); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Chesapeake argues that we should nonetheless affirm the district court's dismissal because necessary and indispensable parties are missing from this lawsuit. *See* Fed. R. Civ. P. 19. Specifically, Chesapeake says that Back failed to join the company that purchased the lease from Chesapeake, as well as two other landowners who are parties to Back's lease. *See Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 303 (6th Cir. 2009). The district court did not address Chesapeake's argument under Rule 19, and on this record we decline to decide the question in the first instance. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 676-77 (6th Cir. 2004). Moreover, to "protect the absent part[ies]" whom it might be necessary to join under Rule 19, we also decline to address Chesapeake's other arguments on the merits. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968).

The district court's judgment is reversed and the case is remanded for proceedings consistent with this opinion.