## Miller v. Davis.

(Decided February 23, 1916.)

### Appeal from Perry Circuit Court.

1. **Frauds, Statute of—Promise to Pay Debt of Another—When Not Within Statute.**—If one with the design to further his own ends

induces another to forego or desist from exercising his rights under the law to secure his debt against a third party, promises to pay such debt, the promise is not within the statute of frauds, but is an original undertaking by the promisor.

2. Frauds, Statute of—Promise to Pay Debt of Another—When Not Within Statute.—One who buys an interest in a partnership and thereby becomes interested in the carrying out of a contract by the partnership out of which he expects profits and makes an oral promise to pay a previous debt of the partnership to prevent threatened legal proceedings, is bound by such promise, although it turns out that he got nothing by reason of his purchase of an interest in the partnership; such promise being an original undertaking by him for his own purposes and not merely a promise to pay the debt of another.

HOGG & JOHNSON and P. T. WHEELER for appellant.

WOOTTON & MORGAN, FAULKNER & FAULKNER and WILLIS W. REEVES for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In 1911 Roberts & Colwell were sub-contractors for the doing of certain work in the extension of the Lexington & Eastern Railroad in Perry county. They were unable to promptly pay their laborers and issued to them time checks or due bills for their wages.

Appellant became the owner of something over $1,300 of such time checks or due bills assigned to him by the laborers.

, In this situation Roberts sold out to appellee Davis his interest in the firm of Roberts & Colwell for $300, and appellee agreed in addition thereto to become liable for the payment of certain claims against the firm of Roberts & Colwell—which had been sued on—and Colwell and Davis entered into a written contract by which Davis was accepted by him as a partner in the place of Roberts.

Davis, however, before buying out the interest of Roberts, had received information from his brother-in-law, an attorney in Hazard, that certain estimates amounting to between $4,000 and $5,000 were coming to the firm of Roberts & Colwell for work already done by them, and that the firm owned certain machinery and personal property used by it in the conduct of its work. If this information had been accurate appellee would have made a good trade in buying out Roberts. However that may be, he concluded the contract with Roberts and the very next morning went to appellant's office and there to-

gether with him and Colwell went over in detail the claims which appellant owned against the firm of Roberts and Colwell.

The only issue of fact in this case, as it turned out upon the trial, was whether at that interview appellee promised appellant that if he would desist in his expressed determination to sue Roberts and Colwell and attach their property so that it might be subjected to the payment of his claim, he (Davis) would pay the same.

Appellant and Colwell each stated that at that interview Miller said he must have his money and that if it was not paid he intended at once to attach the property of Roberts and Colwell to secure his debt, and that Davis told him that if he would not do so he would pay the debt himself, and that he was good for it. This Davis denies, although he admits his presence at the interview and that they went over the claims held by Miller against Roberts and Colwell and discussed them.

Upon the trial the jury found a verdict for the defendant, and the only question on this appeal is whether the instruction given on this issue was proper.

That instruction is as follows:

"Gentlemen of the Jury:

"The court says to the jury that if you believe from the evidence in this case that the defendant, R. O. Davis, promised and agreed to pay to the plaintiff, W. H. Miller, the sum of $1,315.62, or any part thereof, in consideration that he would desist and not sue out an attachment against the property of T. H. Roberts and S. C. Colwell, composing the firm of Roberts & Colwell, and that said Miller relying upon said promise, did desist from suing out said attachment, and if you further believe from the evidence that said R. O. Davis received any consideration for the making of said promise, then in that event your finding will be for the plaintiff, but unless you shall so believe, your finding will be for the defendant, R. C. Davis."

Appellant offered an instruction substantially the same as the foregoing except that it told the jury that if Miller relying upon the promise of Davis to pay his debt did desist and refrain from suing out an attachment upon the property of Roberts & Colwell that said agreement was based upon a good consideration and was a binding contract.

The evidence shows that although Davis made a written contract with Roberts and one with Colwell, as above indicated, that because of certain other attachments which were issued and levied upon the property of Roberts & Colwell, and because the original contractors under whom Roberts & Colwell were acting took over the work, that Davis did not in fact get anything under his purchase from Roberts.

It will be observed in the instruction given by the court no recovery could be had by the plaintiff unless Davis had received some consideration for the making of said promise; in other words, the jury were practically told to find for the defendant because the uncontradicted evidence was that Davis received nothing from Roberts under his purchase.

But evidently such is not the rule; Davis was interested as purchaser in having the work progress, and the promise, if made, was made in furtherance of his own purposes, and with a view to seeing the work carried on and ultimately get therefrom the profit which he at that time expected. He knew that if Miller attached the property and machinery engaged in this work that it would probably result in an abandonment by Roberts & Colwell of the work and would thereby deprive him of the profit which he expected to make out of it.

In this situation there can be no doubt that when Miller agreed to and did desist from instituting proceedings and attaching the property that there passed from him to Davis a good consideration for the making of such a promise, and it cannot matter that thereafter the affairs of Roberts & Colwell turned out so as that Davis received nothing from his purchase.

The promise in this case was not violative of the statute of frauds in that it was an oral promise by Davis to pay the debt of another; the promise, if made, was an original undertaking upon the part of Davis made by him to serve his own purposes and bring about results which he himself desired, and it does not matter that it incidentally had the effect to extinguish the debt owing by Roberts & Colwell to Miller.

As said by this court in the case of Simpson v. Carr, 25 K. L. R., 849:

"It is a general rule of law that whenever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his

promise is not within the statute, although it may be in form a promise to pay the debt of another, although the performance of it may incidentally have the effect of extinguishing the liability of another.''

The same rule is clearly and accurately stated in 20 Cyc., at page 163, as follows:

''Although the words 'original' and 'collateral' as applied to promises do not occur in the statute of frauds, they were used at an early day, and their use has been sanctioned and approved by the courts and text writers as convenient and accurate expressions to distinguish respectively between the cases in which the direct and leading object of the promisor is to further or promote some purpose or interest of his own, although the incidental effect thereof may be the payment of the debt of another, and those cases in which such object is to become the surety or guarantor of the subsisting debt of another for which the promisor was not previously liable.''

It would seem to be unnecessary to cite further authorities to show that where one with the design to further his own ends induces another to forego or desist from exercising his rights under the law to secure his debt against a third party, by promising to pay such debt in order to bring about results in which he himself is interested, is not protected by the statute of frauds.

The instruction on this point, substantially in the form offered by appellant, should have been given.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.