**Donnie BARNETT and Robert Barnett, Appellants,**

v.

**STEWART LUMBER COMPANY and Junior Martin, Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1977.

Joe Hobson, Prestonsburg, for appellants.

Wilderman & Place, Prestonsburg, for appellee Junior Martin.

Before HOWERTON, GANT and REYNOLDS, JJ.

HOWERTON, Judge.

This action originated in the Floyd Circuit Court on April 3, 1972 when Stewart Lumber Company filed an action seeking to recover $3,000.00 from Junior Martin, which was the outstanding balance due the company from the sale of a sawmill to Martin and W. H. Guinn. Martin answered the complaint, and filed a third party action against the Appellants and W. H. Guinn, as third party defendants. Martin alleged that the Appellants and Guinn had contracted with him for the purchase of his interest in the sawmill and that, in so doing, the Appellants had assumed the $3,000.00 debt owing to the Appellee Stewart Lumber Company.

The case was tried before a jury. At the close of the evidence presented by Martin, the Court directed a verdict on the contract between the lumber company and Martin, in favor of the lumber company, in the sum of $3,000.00 with interest at the rate of 6% from June 13, 1973 until paid.

At the close of the evidence by the Appellants, the Court directed a verdict as a matter of law on the agreement between Martin and the Appellants to pay the debt owing the lumber company in favor of Martin, and against the Appellant Robert Barnett. In the judgment, the Court set over the claim and ordered Robert Barnett to pay Stewart Lumber Company the sum of $3,000.00 with said interest.

The jury then considered the evidence and concluded that the agreed sale price for cash was $1,364.75, of which Robert Barnett was to pay $1,114.75 and W. H. Guinn was to pay $250.00.

The Court had previously determined that Robert Barnett, together with Donnie Barnett, had paid Martin the sum of $800.00, and that Martin had retained for his own use refunds from the telephone company in the amount of $35.00, and the electric utility company in the amount of $370.00 which he had agreed to give to the buyers. The Court allowed Barnett a credit of $1,002.50 on the purchase price and entered judgment directing Robert Barnett to pay Martin the sum of $112.25 with interest at the rate of 6% from June 13, 1973.

The Court also entered a default judgment against W. H. Guinn for the sum of $250.00 less a credit of ½ of the refunds, or $202.50, plus a credit of $21.00 for lumber belonging to Guinn and taken by Martin, leaving a balance of $26.50. At the time Martin acquired the refunds, Guinn owned ½ of the sawmill. Guinn subsequently sold his interest to the Barnetts.

The Appellants have set forth eight errors. Some will be stated and considered separately, while others will be grouped together.

■ The first allegation of error is that the trial court failed to enter a directed

verdict in favor of Donnie Barnett. The basis claimed for this error is that Donnie Barnett had nothing to do with the transaction for the purchase of the sawmill from Junior Martin. Unfortunately, for Donnie, he did not allege this fact as a ground for a directed verdict when he made his motion to the trial court. This Court has consistently held that failure to specify a particular ground for a directed verdict forecloses appellate review of the trial court's denial of the motion. *Hercules Powder Corporation v. Hicks*, Ky., 453 S.W.2d 583 (1970); *Gulf Oil Company v. Vance*, Ky., 431 S.W.2d 864 (1968).

■ Even if the alleged error had been properly preserved for review on appeal, the record indicates that there was probative evidence for a jury to consider that Donnie was involved in the transaction. For one thing, the evidence indicated that it was Donnie who wrote the check for $799.00 as part payment for the purchase, and it was also proven that the negotiations for the sale by Martin were in the presence of both Appellants.

The Appellant, Donnie Barnett, had made himself a counter-claimant against Junior Martin in this action. The judgment of the trial court dismissed the counter-claim of the Appellants against Martin, and the only judgment entered against the Appellant Donnie Martin was to pay a proportionate share of the cost of the action. The judgment in favor of the Appellee Martin was otherwise against the Appellant Robert Barnett.

The next contention of the Appellants is that the alleged assumption of the $3,000.00 note was not in writing and is therefore barred by the Statute of Frauds. In support of this contention, the Appellants cite KRS 371.010(4).

■ There was, in fact, another note in the sum of $2,000.00 which from the proof was apparently assumed by the Appellants as a part of the consideration for the purchase of the sawmill. The payee for this additional note was not a party to the action, and no final disposition was made of

this note such as was with the $3,000.00 debt owing to the Appellee Stewart Lumber Company. We therefore make no disposition on this note at this time. The Appellants did raise the same issue regarding the $2,000.00 note in their brief. There was ample proof throughout the trial that the assumption of both notes constituted a part of the consideration for the purchase of the sawmill.

We have a situation where possession has been taken of the property of Junior Martin and a part of the consideration has been paid. Martin has vacated the property and the Appellants now attempt to avoid additional payment on the ground that the debts incurred by Martin for his own acquisition of the sawmill were not in writing. It should also be noted that it is not Stewart Lumber Company attempting to force payment by the third parties, but it is Martin.

■ KRS 371.010(4) applies only to enforcement by the payee and not by the debtor whose obligation was assumed by another. Williston, *Contracts*, § 460 (3rd Ed., 1960); Corbin, *Contracts*, § 395 (1950). Furthermore, if one promises to pay the debt of another in order to further some purpose of his own, as to acquire a sawmill, such promise is not within the section. *Miller v. Davis*, 168 Ky. 661, 182 S.W. 839 (1916). Ordinarily, a promise to pay the debt or default of another when not in writing is prohibited by the Statute of Frauds, but there are many exceptions. It has often been held that where the consideration for the agreement to pay the debt of another redounds to the benefit of the promisor, the Statute of Frauds does not apply as it would be inequitable and unfair to permit one to receive and enjoy the benefits of a promise and then evade his part of the obligation because the promise was not in writing.

■ The Appellants third contention is very much like their second, in that they argue that the assumption of the notes was invalid because the sale contract was over $500.00 and not in writing, as required by

KRS 355.2–201. Subsection (3) of the Statute provides:

A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects, is enforceable

.    .    .    .    .

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made  .    .  . .

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted.

There was ample proof throughout this case that a contract for the sale of the sawmill existed. It was also clear that the Appellants have received and accepted the sawmill. It was therefore necessary for the Court to determine by all of the evidence just what the provisions for the sale might have been.

The Appellants next argue that the trial court erred in awarding a default judgment against W. H. Guinn who was never summoned, and that it was also error to permit evidence to be introduced concerning the statements made by Guinn. The final argument of the Appellants also relates to such incompetent evidence. The subjects will be considered together at this time.

■ The default judgment entered by the Court recites the fact that W. H. Guinn was served with process under the provisions of KRS 454.210. This is not the usual warning order attorney method as referred to by the Appellants. The record on appeal contains an affidavit by Martin's attorney, but does not contain the return of the Secretary of State, nor the return receipt acknowledging receipt of the notification and third party complaint by Guinn. Such documents were not designated to be a part of the record on appeal. We therefore must conclude that the trial court was correct in stating that the provisions of KRS 454.210 had been met. The statute authorizes a Court to exercise personal jurisdiction over a non-resident transacting business in this State.

W. H. Guinn was properly before the Court for purposes of personal jurisdiction, and any evidence introduced at the trial regarding actions and conversations between the Appellee Martin and Guinn were admissible as between Martin and Guinn. Jack Stewart, President of Stewart Lumber Company was also properly before the Court, and actions and conversations between Martin and Stewart and the lumber company were admissible as between them. The jury was frequently admonished by the trial court that the conversations between Martin and Guinn, and Martin and Stewart, were not to be considered as evidence against the Barnetts, as they were not present when the conversations took place.

■ The next three claims of error, by the Appellants, can be discussed together. The Appellants contend that the Court erred in awarding any judgment in favor of Martin against them, that it was error to award any judgment in favor of the Appellee Stewart Lumber Company against them, and finally that it was error for the Court to enter its judgment in direct conflict with the verdict of the jury.

The Appellants made several claims for damages which would, if believed, offset anything they might owe to the Appellee Martin. They sought a total of $3,536.50 against the Appellee Martin. Martin admitted that the Appellants were to receive credit on the purchase price for the deposits which had been made for the electric utility and the telephone. He specifically denied that he was to pay for a tin roof or that he converted 20,000 feet of lumber to his own use. Martin did admit that he took approximately $21.00 worth of logs, but that these had belonged to Guinn and that he had credited Guinn with $21.00 toward the payment of the amount owing by Guinn to Martin. The record contains substantial evidence for the jury to conclude in favor of either side it should choose to believe. The Court gave the instructions prepared and submitted by both sides, and the jury found against the Appellants on every claim for damage, or items which would have offset

any additional amount owing by them to the Appellee Martin.

The verdict of the jury was in favor of Martin in the sum of $1,114.75. The Court had already found that the sum of $800.00 had been paid, and that Martin himself had received the refunds for the utility and telephone deposits. At the time the transaction took place for the sale by Martin, Guinn owned half of the mill. Guinn also owed Martin the sum of $250.00 for the sale, and therefore, the Court credited one-half of the net refund to Barnett and one-half to Guinn.

The Court therefore gave Barnett a total credit of $1,002.50 on the jury verdict of $1,114.75, leaving a balance to be paid by Barnett to Martin of $112.25. With a possible error in calculations in the sum of 50 cents, the trial court did correct or complete the verdict of the jury and, in essence, granted the Appellants their judgment notwithstanding the verdict.

The error referred to is based on the fact that the proof indicated Martin had recovered $371.00 from the utility deposit and $35.00 from the telephone deposit, for a total of $406.00. A division of this sum between Barnett and Guinn would have resulted in a credit of $203.00, rather than $202.50. This would change the amount owing to $111.75. The same error is found in the default judgment against Guinn wherein the Court concluded that the amount due from Guinn to Martin would be $26.50. The original sum of $250.00 should be credited with the $203.00 and the $21.00, for a total of $224.00, leaving a balance due of $26.00.

The trial court was correct in entering a directed verdict against the Appellee Martin in favor of Stewart Lumber Company on its claim for $3,000.00. The trial court also correctly set over this judgment in favor of Stewart Lumber Company against the Appellant Robert Barnett. It was not necessary for Stewart Lumber Company to make a direct claim against Barnett. The claim was made by the Appellee Martin in third party practice as provided for by rule 14.01.

This case may not be the clearest or cleanest. Confusion and uncertainty existed from the pleadings through the judgment. Loose ends were left undone or uncertain, such as the situation regarding the $2,000.00 note. Donnie Barnett, who now owns Guinn's interest seems to be free of the $3,000.00 debt which was originally incurred jointly (and severally) by Martin and Guinn. Robert Barnett, who acquired Martin's interest in the sawmill is now saddled with the entire amount.

But, so be it. These problems are now the result of the ingredients that were presented to the Court and the jury. Of the issues raised on appeal, this Court finds no reversible error, except for the minor discrepancy of $1.00 to be credited to the judgments against Robert Barnett and W. H. Guinn.

The judgment is, therefore, affirmed with instructions that the amounts owing by Robert Barnett and W. H. Guinn be modified to $111.75 and $26.00 respectively.

All concur.