C. Rowe HARPER and Martha Kay O'Flynn Harper, His wife, Appellants,

v.

CITIZENS STATE BANK, a Kentucky Banking Institution, Appellee.

CITIZENS STATE BANK, Cross-Appellant,

v.

C. Rowe HARPER and Martha Kay O'Flynn Harper, His wife, Cross-Appellees.

Court of Appeals of Kentucky.

July 1, 1983.

John Bickel, Owensboro, for appellants/cross-appellees.

William L. Wilson, Jr., Owensboro, for appellee/cross-appellant.

Before HAYES, C.J., and COOPER and McDONALD, JJ.

COOPER, Judge.

This is an appeal and cross-appeal from a judgment awarding the appellee the balance of an indebtedness owed by the appellants, and an attorney's fee in the amount of $8,000.00. The principal issue herein is whether the trial court clearly abused its discretion in awarding such a fee notwithstanding its finding that the requirement set forth in KRS 453.250 had not been complied with. On review, we reverse and remand.

In March of 1982, the appellee and cross-appellant, Citizens State Bank, a Kentucky banking institution, filed this action against the appellant, C. Rowe Harper and Martha Kay O'Flynn Harper, his wife, for the outstanding principal and interest on five promissory notes totalling $178,000.00. Four of the promissory notes, totalling $123,000.00, contained the following provision:

Should the Bank ... determine it necessary to engage the services of an attorney to enforce the obligations evidenced hereby, the undersigned additionally agrees to pay to Bank all reasonable attorney fees incurred by Bank to the extent actually paid or agreed to be paid.

Three of the notes were secured by liens on thoroughbred horses. The security agreements allowed the creditor to recover a "reasonable attorney's fee, not exceeding fifteen (15%) percent of the unpaid balance and court costs as provided by law," in the event the creditor was forced to retake the property.

Subsequent to the filing of the appellee's complaint, counsel for the appellants requested an extension of time to respond. This was granted. Without an answer being filed, the appellants tendered payment to the appellee in the amount of $173,-500.00, with $48,500.00 being paid on April 13, and $125,000.00 being paid on April 29. As of April 29, an outstanding balance of $26,474.87 remained.

Although the appellants acknowledged the existence of the outstanding indebtedness, they refused to pay it, in that the appellee informed them that they would be liable for an attorney's fee of $7,000.00. On June 8, the appellants filed an offer of judgment, agreeing to pay the outstanding balance, yet disputing the amount of the attorney's fee. They requested the trial court to determine a reasonable attorney's fee. In response, appellee's counsel withdrew his request for a $7,000.00 fee, and filed a motion for summary judgment, demanding payment of the outstanding indebtedness and an attorney's fee of $20,-664.00, representing 15% of the amount previously tendered. Subsequent to a hearing, the trial court awarded the appellee an attorney's fee of $8,000.00, as well as a judgment for the outstanding indebtedness. It is from such judgment that the appellants now appeal and the appellee cross-appeals.

■ Here, the principal issue is whether the trial court clearly abused its discretion in awarding the appellee an attorney's fee, notwithstanding its finding that KRS 453.250 had not been complied with. That statute, which governs the enforceability of written agreements regarding the payment of attorney's fees, states as follows:

Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor, or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee, or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employe of such creditor, obligee, or lienholder.

In its opinion and judgment, the trial court found as follows:

Without doubt, Kentucky law now permits a fee in such cases. The principal requirements of KRS 453.250 are:

(1) The paper must contain an agreement for the fee,

(2) It must be "reasonable" and,

(3) It will only be allowed to the extent "actually paid or agreed to be paid."

The last requirement poses problems. No fee has actually been paid at this point, nor has any fee been agreed on. Mr. Graham's affidavit says $20,664.00 is "in fact agreeable with Citizens State Bank." The court did not interpret that to mean "we will pay it in any event." A more reasonable interpretation seems to be the Bank is not in disagreement because Harper will be paying it. That is not the intent of the statute.

Although neither this Court nor the Supreme Court of Kentucky has construed the language of KRS 453.250, the relevant portion of that statute seems clear and unambiguous: An attorney's fee "shall only be allowed to the extent actually paid or agreed to be paid ...." Here, it is undisputed that the appellee paid no attorney's fee. Furthermore, the trial court found, notwithstanding the arguments of the appellee to the contrary, that no fee, whether the initial request for $7,000.00 or the subsequent request for $20,644.00, was actually agreed to be paid by the appellee. Never-

theless, it awarded the appellee a reasonable attorney's fee of $8,000.00. Such an award was clearly an abuse of discretion. Therefore, it must be reversed. To hold otherwise would be to force the debtor to be liable for any attorney's fee, however exorbitant, which a creditor would be willing to pay his attorney if that amount were paid by the debtor. Stated differently, a debtor should not be required to pay more, in an attorney's fee, than a creditor would be willing to pay.

The judgment of the trial court is reversed with directions that its original judgment be amended to reflect a judgment for the amount of the outstanding indebtedness owed by the appellants, and that there be no award of attorney's fee to the appellees. The latter's cross-appeal, requesting the award of the attorney's fee be increased to $20,664.00 is hereby dismissed, given the fact that there has been no compliance with the statute.

All concur.