Raymond CHIN, Appellant

v.

Terry CHIN and Susan Chin, Appellees

NO. 2015–CA–000914–MR

Court of Appeals of Kentucky.

RENDERED: JULY 8, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Rebecca D. Graham, Mount Sterling, Kentucky

BRIEF FOR APPELLEE: Jace Nathanson, Morehead, Kentucky

BEFORE: ACREE, J. LAMBERT AND THOMPSON, JUDGES.

*OPINION*

LAMBERT, J., JUDGE:

Raymond Chin appeals from the Montgomery Circuit Court's October 28, 2014, Findings of Fact, Conclusions of Law, and Judgment, and the court's June 3, 2015, Amended Findings of Fact, Conclusions of Law, and Judgment finding in favor of his parents, Terry and Susan Chin (the Chins) on their various claims against him. After careful review, we affirm the judgment of the trial court.

In 1999, Raymond and his parents made the decision for him to attend college at the Rose–Hulman Institute of Technology in Terre Haute, Indiana. At that time, tuition for Rose–Hulman was approximately $54,000.00, and Raymond received a partial scholarship. During their discussions, the Chins explained to Raymond that they would be unable to pay for his education in full. Terry was a teacher making $55,000.00 per year, and Susan was an aide making $18,000.00 per year. The Chins testified that they told Raymond he would need to enlist in the Reserve Officers' Training Corps (ROTC) in order to attend Rose–Hulman.

Approximately a month into his first year, Raymond decided not to pursue the ROTC, and his parents obtained a Parent PLUS loan to pay for the remainder of his school expenses, which ultimately totaled $58,335.53. This amount was consolidated into a single loan, and the Chins paid the interest on the loan while Raymond was still in school. The Chins also testified that Raymond agreed to assume the loan upon graduation from college and that it was their collective intent for Raymond to transfer the loan into his name upon completion of his courses.

The parties ultimately discovered that it would not be possible for Raymond to transfer the loan into his name. The Chins testified that Raymond then agreed that he would be responsible for paying the loan as soon as he had employment and that he would also pay them back any amounts they had already paid on the loan. The testimony at the bench trial in this case indicated that Raymond obtained employment in 2004, and in April 2006, he began paying the Chins back on the college loan. Initially, Raymond wrote checks to the Chins with a notation in the memo portion of the check that stated "school loan" or "educational payment." At some point, Raymond arranged with his bank to withdraw automatic deductions

from his account and transfer the amount to the Chins' bank account so they could make the loan payments from their account. The record reflects that on June 12, 2007, Raymond signed an Automatic Transfer Authorization directing Citizens Bank to transfer $189.00 per month to his parents, which coincides with the $189.00 monthly loan payment amount. At some point, Raymond stopped the automatic deduction from his account and began writing checks to his parents again. The final check was dated July 22, 2011.

Also in 2011, Raymond and his wife separated, and Raymond asked his parents if he could borrow $3,000.00 to pay a retainer for a divorce attorney. The Chins expressed that they did not have the $3,000.00 in cash, but offered to let Raymond use their credit card to pay the retainer. Raymond agreed to repay his parents within a month and used proceeds from their credit card to employ the law firm of Britton Osborne Johnson, PLLC to represent him. Raymond failed to repay his parents the $3,000.00 he borrowed for the retainer, and there was no written agreement between the parties memorializing the agreement.

In February 2013, the Chins filed suit against Raymond. They asserted two claims, one to recover amounts owed by Raymond on the college loan and the other to recover the $3,000.00 they paid for his divorce attorneys. In their complaint, the Chins asked the trial court to award them all the money they had paid on the loan, plus interest, plus the amount remaining on the loan.

Raymond filed a motion to dismiss and a motion for summary judgment, arguing that the Statute of Frauds prevented the Chins from succeeding on their claims. The trial court took the motion to dismiss under advisement and denied the motion for summary judgment, concluding that there were issues of material fact to be determined regarding the alleged repayment agreements. The trial court conducted a bench trial on June 10, 2014, and entered its Findings of Fact, Conclusions of Law, and Judgment on October 28, 2014. Initially, the trial court awarded the Chins $10,433.70 for the unpaid balance on the college loan, $3,955.40 for the divorce loan, which included interest that had accrued on Susan's credit card, plus attorney's fees and costs in the amount of $3,500.00, for a total judgment of $17,889.10. After the Chins moved to amend the judgment to include the amounts Raymond still owed on the college loan, the trial court held another hearing. On June 3, 2015, the court entered Amended Findings of Fact, Conclusions of Law, and Judgment holding that the original balance of the loan was $58,335.53, and that the amount still due on the loan totaled $45,426.98 as of March 2015. The court entered an Amended Judgment totaling $65,628.13, which included the $58,335.53 unpaid balance of the college loan, $4,292.60 for the divorce loan, which included interest that had accrued on Susan's credit card, plus attorney's fees and costs totaling $3,000.00. Raymond filed the instant appeal.

 "Because this is an appeal from a bench trial without a jury, the trial court's findings of fact are 'not [to] be set aside unless clearly erroneous with due regard being given to the opportunity of the trial judge to consider the credibility of the witnesses.'" *Goshorn v. Wilson,* 372 S.W.3d 436, 439 (Ky.App.2012) (quoting *Lawson v. Loid,* 896 S.W.2d 1, 3 (Ky. 1995)). Factual findings are only considered clearly erroneous if they are not "supported by substantial evidence." *Gosney v. Glenn,* 163 S.W.3d 894, 898 (Ky. App.2005) (citations omitted). Appellate review of legal determinations and conclu-

sions from a bench trial is *de novo*. *Id.* (Citations omitted).

■ Raymond's first argument on appeal to this Court is that the Statute of Frauds bars the Chins' claims because there was no written agreement evidencing that Raymond agreed to repay his parents for the college loan and no written agreement evidencing his intent to pay his parents back the money he borrowed for the divorce. Raymond cites to Kentucky Revised Statutes (KRS) 371.010, which provides:

No action shall be brought to charge any person:

(1) For any representation or assurance concerning the character, conduct, credit, ability, trade, or dealings of another, made with intent that such other may obtain thereby credit, money, or goods;

(2) Upon any promise to pay a debt contracted during infancy, or any ratification of a contract or promise made during infancy;

(3) Upon any promise of a personal representative as such to answer any liability of his decedent out of his own estate;

(4) Upon any promise to answer for the debt, default, or misdoing of another;

(5) Upon any agreement made in consideration of marriage, except mutual promises to marry;

(6) Upon any contract for the sale of real estate, or any lease thereof for longer than one year;

(7) Upon any agreement that is not to be performed within one year from the making thereof;

(8) Upon any promise, agreement, or contract for any commission or compensation for the sale or lease of any real estate or for assisting another in the sale or lease of any real estate; or

(9) Upon any promise, contract, agreement, undertaking, or commitment to loan money, to grant, extend, or renew credit, or make any financial accommodation to establish or assist a business enterprise or an existing business enterprise including, but not limited to the purchase of realty or real property, but this subsection shall not apply to agreements pursuant to which credit is extended by means of a credit card or similar device, or to consumer credit transactions;

unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. It shall not be necessary to express the consideration in the writing, but it may be proved when necessary or disproved by parol or other evidence.

Raymond argues that under the Statute of Frauds, he is not obligated to repay the college loan because he did not sign the note for the Parent PLUS loan and did not enter into any written agreement to repay the loan. Further, Raymond argues that any oral agreement alleged by the Chins for him to repay the college loan violates the Statute of Frauds because it was a promise to answer for the debt of another and because it was not possible or intended that the college loan would be paid within one year. Similarly, Raymond argues that he is not obligated to pay back the money he borrowed to obtain a divorce attorney because there was no written agreement evidencing such.

The Chins argue that the oral agreement to repay the divorce retainer does not violate the Statute of Frauds, because it was intended by both parties to be paid within one year. We agree with the Chins in this regard. While it is true that there is no written agreement between the Chins and Raymond, the Statute of Frauds does

not bar all oral agreements, only those that specifically fall within coverage of the statute. Raymond has not provided this Court with any specific provision of the Statute of Frauds, KRS 371.010, which stipulates that there must be a written agreement regarding the repayment of the divorce attorney retainer. Accordingly, the trial court did not err when it ordered Raymond to repay his parents the $3,000.00 he borrowed to retain a divorce attorney, as the record reflects that the parties intended for the loan to be paid within a month, and the Statute of Frauds does not apply.

■ With regard to the college loan, the Chins argue that the sections Raymond cites of the Statute of Frauds, KRS 371.010(4) and (7), do not apply and thus that the trial court properly concluded that the verbal agreement was enforceable.

Raymond argues that the oral agreement between him and his parents is barred by the Statute of Frauds because it could not be performed within one year and thus violates KRS 371.010(7). Raymond argues that, according to the Chins' Complaint, the total amount borrowed on the loan was $58,316.15, and the agreement was for Raymond to make monthly installment payments as they became due and owing. Raymond points out that the Chins set up monthly installment payments which were spread out over several years, and that the parties never intended for Raymond to repay the balance of the loan in one lump sum payment. Thus, Raymond contends that the parties never agreed for the payments to be made within one year, and he cites *Sawyer v. Mills*, 295 S.W.3d 79, 84 (Ky.2009), for the proposition that where the facts and circumstances evidence that the parties did not contemplate that the agreement could be performed within a year, the Statute of Frauds applies.

The Chins argue that the Statute of Frauds is an affirmative defense under Kentucky Rules of Civil Procedure (CR) 8.03, and Raymond had the burden of producing evidence to support his affirmative defense at the trial level. They argue that because Raymond failed to produce evidence to support the applicability of the Statute of Frauds, the trial court did not err in its order and judgment.

In support of this, the Chins point out that *Sawyer, supra*, states that "if a contract may be performed within a year from making it, the inhibition of the Statute does not apply, although its performance may have extended over a greater period of time." *Id.* at 84. (Internal quotation omitted). The Chins contend that there is an exception which renders the Statute of Frauds applicable "when it was contemplated by the parties that the contract would not, and could not, be performed within the year, even though it was *possible* of performance within that time[.]" *Id.* (Emphasis in original) (Internal quotation omitted). Thus, the Chins argue that under *Sawyer*, the relevant inquiry for a trial court to consider is "whether under the evidence of a particular case the parties contemplated that the contract at issue would be performed within a year, and if, by its terms, it could be." *Id.*

The Chins point out that Raymond supported his motion for summary judgment based on the applicability of the Statute of Frauds with his own Affidavit and that in the Affidavit, he denied that he ever agreed in writing to repay his parents for the college loan. However, the Chins argue that the affidavit does not supply any proof as to whether or not the parties contemplated whether the contract could be performed within a year. Thus, the Chins argue that Raymond never satisfied his burden of proving that the affirmative

defense of the Statute of Frauds applied in this case.

We agree with the Chins that the relevant analysis is whether the parties contemplated that the contract would be performed within a year and that Raymond had the burden of producing evidence that the parties did not contemplate performance within a year. Other than pointing out the installment payments that were set up, Raymond offered no other proof on this matter.

The Chins further argue that, even if we find that Raymond carried his burden of proof on whether the parties contemplated performance within a year, they fully performed their part of the contract and the agreement was therefore removed from the Statute of Frauds. The Chins cite to *Sawyer, supra,* and *United Parcel Serv. Co. v. Rickert,* 996 S.W.2d 464 (Ky.1999), in support of this argument.

In *Sawyer,* the Kentucky Supreme Court stated "[A] contract is no longer executory, and [the Statute of Frauds] has no application thereto, where it has been fully performed upon one side and the other party by its terms has a longer time than one year in which to perform his part thereof." *Sawyer,* 295 S.W.3d at 86 (quoting *Pilcher v. Stadler,* 276 Ky. 450, 124 S.W.2d 475, 479 (1939)). In *Sawyer,* the issue was whether Sawyer had performed any part of the contract and whether past consideration was sufficient to support a promise. In the instant case, the issue is not past consideration, as the parties agreed that the Chins would take out a college loan and Raymond would repay the loan upon obtaining his engineering degree.

Similarly, in *Rickert,* the Court found that the Statute of Frauds did not apply, stating, "Rickert fully performed his part of the bargain with UPS, and the agreement between UPS and Rickert could have been fully performed within one year." *United Parcel Serv. Co. v. Rickert,* 996 S.W.2d at 471. We agree with the Chins and the trial court that, when the Chins performed their part of the bargain and obtained the loan, the contract was no longer executory, and KRS 371.010(7), the Statute of Frauds, does not apply.

Raymond also argues that KRS 371.010(4) bars enforcement of the agreement at issue in this case and brings the oral agreement back within the Statute of Frauds. That section bars enforcement of an oral promise to answer for the "debts, default, or misdoing of another" and requires that the promise be in writing. Raymond argues that the Chins borrowed money and incurred a debt and are now asking the Court to force Raymond to repay their debt. Raymond asks this Court to conclude that the Parent PLUS loan was not a loan between the Chins and Raymond, but instead was simply a loan the Chins obtained.

The Chins respond that (4) does not apply because it only applies to the enforcement of a contract by a payee and not by a debtor whose obligations were assumed by another, citing *Barnett v. Stewart Lumber Co.,* 547 S.W.2d 788, 790 (Ky. App.1977). Therein, this Court stated:

> KRS 371.010(4) applies only to enforcement by the payee and not by the debtor whose obligation was assumed by another. Williston, Contracts, s 460 (3rd Ed., 1960); Corbin, Contracts, § 395 (1950). Furthermore, if one promises to pay the debt of another in order to further some purpose of his own, as to acquire a sawmill, such promise is not within the section. *Miller v. Davis,* 168 Ky. 661, 182 S.W. 839 (1916). Ordinarily, a promise to pay the debt or default of another when not in writing is prohibited by the Statute of Frauds, but there are many exceptions. It has often been

held that where the consideration for the agreement to pay the debt of another redounds to the benefit of the promisor, the Statute of Frauds does not apply as it would be inequitable and unfair to permit one to receive and enjoy the benefits of a promise and then evade his part of the obligation because the promise was not in writing.

As the Chins point out, this case was not brought by the lender or creditor who extended the Chins the Parent PLUS loan. Because the benefit of the loan redounded to Raymond, it would be inequitable for him to enjoy the benefits of his promise and then "evade his part of the obligation because the promise is not in writing." *Id.* We are not persuaded by Raymond's argument that KRS 371.010(4) bars enforcement of the agreement at issue in this case.

■ Next, Raymond argues that the trial court incorrectly held that checks Raymond wrote and signed evidenced a repayment agreement and rendered the Statute of Frauds inapplicable. Because we agree with the trial court and the Chins that the Statute of Frauds is not triggered in this case, we ultimately do not need to reach this argument. However, we do agree that the multiple checks Raymond delivered with his signature and a memo line referencing the school loan, in combination with the Automatic Transfer Authorization authorizing Citizens Bank to make monthly transfers from Raymond's account to the Chins account, constitute written evidence of the verbal agreement to satisfy the Statute of Frauds. *See* KRS 371.010. *See also Purtell v. Bell*, 179 Ky. 356, 200 S.W. 644, 645–66 (1918) ("[T]he memorandum intended to evidence the contract need not be confined to a single writing, or that it be executed at the time the sale is negotiated. The writing may be subsequently prepared and executed, and if two

or more writings made with reference to the contract of sale together supply a sufficient memorandum of the contract, they will be considered together in determining whether the contract shall be enforced."). The checks and the withdrawal authorization evidence the parties' intent for Raymond to repay the loans incurred by the Chins for Raymond's education.

Next, Raymond argues that the trial court erred in amending the judgment to reflect the full amount of the unpaid balance on the loan. Raymond contends that the Chins did not assert a proper claim in their Complaint for future unpaid monthly installment payments. A review of the Complaint filed in the record indicates that in their demand for relief, paragraph two, the Chins requested a judgment "[o]rdering Defendant to reimburse and pay to Plaintiffs all monthly installment loan payments that they make, pursuant to Direct Plus education loan as set out in Count II of the Complaint herein, after the date of Judgment herein, and until said Direct Plus education loan is paid in full." Thus, Raymond's claim in this regard is completely without merit.

■ Raymond also argues that the trial court improperly considered the parties' incomes as evidence. Raymond contends that under Kentucky Rules of Evidence (KRE) 401, the parties' incomes were not relevant as evidence in a breach of contract case. The Chins argue that Raymond did not present this argument to the trial court, and therefore, the argument was not preserved for our review. In his brief to this Court, Raymond does not articulate how he preserved this argument for review. In the alternative, the Chins argue that the parties' incomes were properly considered or it was harmless error for the court to admit evidence of the respective incomes. We agree that this constitutes harmless error.

CR 61.01 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

In the instant case, while the trial court inquired about the parties' incomes, the ultimate issue was whether or not Raymond and the Chins mutually agreed for the Chins to loan Raymond money to obtain a divorce and an education. The facts and the parties' actions indicate that the parties intended for the Chins to obtain a loan and for Raymond to repay the loan upon completion of his education and the obtainment of a job. Further, the facts indicate that Raymond intended to borrow money to hire a divorce attorney and repay his parents the next month. Accordingly, any admission of the parties' respective incomes was harmless error and did not affect the substantial rights of the parties.

 Finally, Raymond argues that the trial court erred in awarding attorney's fees. Raymond argues that the Chins did not specifically request attorney's fees in their Complaint and that the general rule in Kentucky is that each party assumes responsibility for his or her own attorney's fees, absent a contractual provision allowing for the recovery of attorney's fees, or a fee-shifting statute, citing *Aetna Cas. & Sur. Co. v. Comm.*, 179 S.W.3d 830, 842 (Ky.2005).

Again, as the Chins point out, the record indicates that the Chins specifically asked for attorney's fees in the final paragraph of their complaint. Thus, Raymond again misstates the record to this Court. The Chins argue that awarding attorney's fees is within the discretion of the trial court, and that the trial court properly exercised its discretion in this regard.

 The general rule in Kentucky is that attorney's fees "are not allowable as costs in absence of statute or contract expressly providing therefore." *Kentucky State Bank v. AG Services, Inc.*, 663 S.W.2d 754, 755 (Ky.App.1984) (citing *Holsclaw v. Stephens*, 507 S.W.2d 462 (Ky. 1973)). However, as this Court pointed out in *Smith v. Bear, Inc.*, 419 S.W.3d 49, 60 (Ky.App.2013), this general rule does not change the fact that an award of attorney's fees is within the trial court's discretion depending on the circumstances of the individual case. In *Smith*, this Court refused to disturb the equitable award of attorney's fees, finding that that the award was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 59–60 (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999)). As Raymond has not articulated how the trial court's award of attorney's fees was arbitrary or an abuse of discretion, we will not disturb the trial court's award of equitable attorney's fees.

Finding no error, we affirm the Montgomery Circuit Court's October 28, 2014, Findings of Fact, Conclusions of Law, and Judgment, and the court's June 3, 2015, Amended Findings of Fact, Conclusions of Law, and Judgment.

THOMPSON, JUDGE, CONCURS.

ACREE, JUDGE, CONCURS IN RESULT ONLY.