RENDERED:  DECEMBER 4, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1785-MR

JENNIFER KEY AND
DAVID KEY                                                          APPELLANTS


                          APPEAL FROM DAVIESS CIRCUIT COURT
v.                HONORABLE JOSEPH W. CASTLEN, III, JUDGE
                          ACTION NO. 19-CI-00065


MARINER FINANCE, LLC                                               APPELLEE


OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE:  Appellants, Jennifer and David Key ("the Keys"), appeal the

order denying their motion to vacate the default judgment entered against them in

favor of Appellee, Mariner Finance, LLC ("Mariner Finance").  For the following

reasons, we affirm in part, reverse in part, and remand for further proceedings

regarding the attorney's fee.

BACKGROUND

On April 24, 2018, the Keys signed a Note, Security Agreement & Arbitration Agreement ("Note") with Mariner Finance for a personal loan. The loan was for $7,129.65, with a precomputed finance charge[1] of $4,360.55 based upon an interest rate of 24.45%, for a total loan of $11,490.20. In addition, the Note contained a clause requiring payment of reasonable attorney's fees if the Keys defaulted:

> If we place this [Note] in the hands of an attorney, not
> our salaried employee, for collection, you agree to pay
> the *reasonable fees of our attorney*.

(Emphasis added).

On January 22, 2019, Mariner Finance filed a complaint against the Keys claiming the Keys were past due on the Note:

> 3. Said obligation is past due and defendants owe a
> balance of $6,757.12 plus interest in accordance with the
> terms of the agreement until date of judgment, then
> balance plus interest at the rate of 6.00% until paid.
>
> 4. [Mariner Finance] has referred this claim to outside
> counsel who are not its regularly salaried employees and
> therefore is entitled to recover *attorney's fees in*

---

[1] A precomputed loan adds all the interest that will be due over the term of the loan to the principal amount. The sum of the principal and interest over the life of the loan are then divided by the number of scheduled loan payments to determine each monthly payment. In contrast, in a simple interest loan, each payment is credited in part to pay for the interest due on the principal amount at the time of the payment and in part to pay down the principal amount. Thus, with each payment, the principal amount is lower than the earlier payment so that less interest is due on the principal amount and more of the payment goes to paying down the principal even further.

> *accordance with KRS[2] 411.195 and the terms of the*
> *agreement.*
>
> WHEREFORE, [Mariner Finance] demands judgment
> against the defendants for the sum set forth above,
> attorney's fees, court costs and all other relief to which it
> is entitled.

(Emphasis added).  Mariner Finance served the Keys with a copy of the complaint

on February 24, 2019.  The Keys did not respond or file an answer.

On May 1, 2019, Mariner Finance filed a "motion and affidavit for

default judgment."  The motion/affidavit stated, in relevant part:

> [Mariner Finance] has referred this claim to outside
> counsel, who is not a regularly salaried employee, upon a
> *contingency fee basis of 33.3% and is therefore*
> *additionally entitled to the award of its reasonable*
> *attorney fee in the amount of $2229.85* pursuant to KRS
> 411.195.

(Emphasis added).  The combined motion/affidavit was signed by counsel and

contained a notarization certificate.  No separate affidavit was attached.

The next day, on May 2, 2019, the circuit court entered Mariner

Finance's tendered default judgment.  The judgment stated the Keys owed

"$6,757.12, plus attorney's fee in the amount of $2,229.85, plus interest in

accordance with the terms of agreement per annum until paid, and its court costs."

---

[2] Kentucky Revised Statutes.

With its default judgment, Mariner Finance obtained orders of wage garnishment against the Keys. Based on the record, Ms. Key's wages were garnished in June, July, August, and September 2019.

Then, on September 6, 2019, the Keys filed a motion to vacate the default judgment pursuant to CR[3] 55.02. The Keys argued the default judgment awarded damages that were unsupported by the complaint and pleadings, and the attorney's fee was not supported by the Note or Kentucky law. Specifically, the Keys argued: (1) the complaint and default judgment did not explain how the balance of $6,757.12 was calculated; (2) the Note provided for the recovery of "reasonable" attorney's fees in the event of a default, not attorney's fees on a contingency fee basis; and (3) the default judgment awarded "interest in accordance with the terms of the [Note]," but their loan was precomputed and provided no recoverable interest rate. The Keys requested a hearing on these issues.

In response, Mariner Finance argued that the Keys offered no excuse for failing to timely defend this action, so the default judgment should stand. Moreover, Mariner Finance argued that the Keys' motion to vacate admitted liability existed for entry of the judgment, and any of their alleged damages were now subject to the federal class action lawsuit the Keys joined against Mariner

---

[3] Kentucky Rules of Civil Procedure.

-4-

Finance's attorney for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.[4] § 1692 *et seq.* Also, Mariner Finance attached an affidavit of its attorney, J. Todd P'Poole, which set forth his hourly rate for attorney's fee, but noted he charged a 33.3% contingency fee "of any amount recovered" for debts larger than $1,000.00.

After hearing arguments on the Keys' motion, the circuit court requested further briefing because the Keys identified "a number of factual issues upon which equitable relief may possibly be based," but the court wanted a legal basis for relief. Thus, the circuit court ordered the Keys to identify the specific provision(s) of CR 60.02 upon which they based their motion to vacate.

Thereafter, the Keys submitted a supplemental brief arguing the default judgment violated CR 54.03. The Keys also asserted that they were entitled to relief under three subsections of CR 60.02: subsection (a) for "mistake" or "inadvertence"; subsection (e) for "it is no longer equitable that the judgment should have prospective application"; and subsection (f) for a "reason of an extraordinary nature justifying relief." The Keys argued several issues fell under these three subsections, including the attorney's fee issue.

On November 18, 2019, the circuit court denied the Keys' motion, finding the Keys did not qualify for CR 60.02 relief. The circuit court explained

---

[4] United States Code.

-5-

that the last day to appeal the May 2, 2019, default judgment was June 1, 2019,[5] and, while the Keys' attorney requested a copy of the file on May 28, 2019, that attorney did not enter an appearance or file an appeal by June 1, 2019. Instead, the Keys filed a motion to vacate on September 6, 2019. The circuit court held that, while the Keys may have a meritorious defense, they failed to exercise reasonable diligence to timely appeal the default judgment by June 1, 2019. Moreover, no "mistake" occurred under ground (a) and, likewise, grounds (e) and (f) did not apply to allow the court to set aside the judgment. However, the circuit court did amend the judgment, pursuant to CR 60.01,[6] to correct the interest rate in the judgment to conform to the amount demanded in the complaint.

This appeal by the Keys followed.

## STANDARD OF REVIEW

"Although default judgments are not favored, a trial court is vested with broad discretion when considering motions to set them aside, and an appellate court will not overturn the trial court's decision absent a showing that the trial court abused its discretion." *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530 (Ky. App. 2003). Also, an "award of

---

[5] The circuit court calculated this date pursuant to CR 73.02, which states that a notice of appeal shall be filed within thirty days after service of the judgment. CR 73.02(1)(a).

[6] CR 60.01 states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."

-6-

attorney's fees is within the trial court's discretion depending on the circumstances of the individual case." *Chin v. Chin*, 494 S.W.3d 517, 524 (Ky. App. 2016). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair or unsupported by sound legal principles." *First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686, 688 (Ky. App. 2009).

ANALYSIS

For their appeal, the Keys are not requesting the Court to vacate the default judgment in total. Instead, they request the Court to vacate the attorney's fee and remand the case for a hearing on that fee because the circuit court abused its discretion by awarding an unreasonable contingency fee.

Mariner Finance, on the other hand, argues the default judgment should stand because the circuit court appropriately held that the Keys did not qualify for CR 60.02 relief. Additionally, Mariner Finance argues the attorney's fee was proper because such contingency fee arrangements are common.

CR 55.01 governs default judgments and provides that when a defendant, like the Keys, fails to plead or otherwise defend an action, a plaintiff, like Mariner Finance, can apply to the court for a default judgment. The Rule further states:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation

of any other matter, the court, without a jury, shall
conduct such hearings . . . .

CR 55.01.  In other words, the court may need to conduct a hearing to determine the amount of damages owed to a plaintiff.

Here, the circuit court did not conduct any hearing to determine the amount of damages.  Instead, the circuit court took Mariner Finance's averments regarding the damages as true, including the claim that Mariner Finance's attorney was owed a one-third contingency fee.

The Keys challenged the default judgment pursuant to CR 55.02, which states the court may set aside a default judgment "[f]or good cause shown . . . in accordance with Rule 60.02."  In determining good cause shown, courts look at three factors:  "(1) valid excuse for default, (2) meritorious defense, and (3) absence of prejudice to the other party."  *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991).  "All three elements must be present to set aside a default judgment."  *S.R. Blanton Development, Inc. v. Investors Realty and Management Co., Inc.*, 819 S.W.2d 727, 729 (Ky. App. 1991).

In its November 18, 2019 order, the circuit court focused on these factors and the CR 60.02 grounds to find that the Keys did not qualify for relief and, thus, refused to set aside the default judgment.  While we agree and affirm the circuit court's order in part, we also conclude the circuit court abused its discretion by refusing to vacate the attorney's fee award.

As a rule, attorney's fees are not recoverable unless a specific contractual provision or statute provides otherwise. *Seeger v. Lanham*, 542 S.W.3d 286, 295 (Ky. 2018). In this case, the Note provided for "reasonable" attorney's fees in the event of a default, so the circuit court could award attorney's fees based on that contract.

In addition to the Note, Kentucky has a statute allowing for the recovery of attorney's fees when dealing with debts. KRS 411.195 provides that any "provisions in a writing which create a debt . . . requiring the debtor . . . to pay *reasonable* attorney fees incurred by the creditor . . . in the event of default, shall be enforceable . . . ." KRS 411.195 (emphasis added). This statute further states that "such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employee of such creditor, obligor or lienholder." KRS 411.195.

Of course, neither the Note nor KRS 411.195 defines a "reasonable" attorney's fee. That determination is the responsibility of the circuit court. *Gibson v. Kentucky Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204 (Ky. App. 2010).

To determine the reasonableness of an attorney's fee, the court may consider various factors, including: the time and labor required, the difficulty of the questions involved, the skill required to perform the legal service, the likelihood that the acceptance of the particular employment will preclude other

employment by the lawyer, the customary fee charged for a similar service, the amount involved in the case, the time limitations, the length of the professional relationship with the client, the experience and reputation of the lawyer, and whether the fee is fixed or contingent. *Brown v. Fulton, Hubbard & Hubbard*, 817 S.W.2d 899, 901 (Ky. App. 1991) (citing SCR[7] 3.130(1.5)). In this case, however, the record does not reflect that the circuit court examined any of these factors or made any determination that the attorney's fee was "reasonable."

Instead, when the Keys defaulted, Mariner Finance tendered a judgment to the circuit court setting forth an award of attorney's fees based on a one-third contingency fee, which Mariner Finance calculated as $2,229.85. Without holding a hearing on the reasonableness of this fee, the circuit court signed and entered the tendered judgment. Only when the Keys moved to set aside the default judgment did Mariner Finance provide a separate affidavit of its attorney in response. Even then, however, the record does not reflect that the circuit court reviewed this affidavit or held a hearing to determine the reasonableness of the attorney's fee. In fact, in addressing this argument, the circuit court held:

> If courts were required, on motions for default
> judgments, to peruse financial agreements, perform its
> own calculations as to amounts due, contact counsel for
> additional information required in making these

[7] Kentucky Supreme Court Rules, Rules of Professional Conduct.

calculations, and inquire into whether affidavits were really truthful – the administration of our judicial system would grind to a halt.

We disagree with the statement that our judicial system will "grind to a halt" by requiring such findings. While courts can depend on motions and affidavits, courts also need to make the requisite findings within their orders granting default judgment, for purposes of appellate review, regarding how the amount entered can be rendered certain by calculation or objective evidence.

Here, when Mariner Finance submitted its motion/affidavit for default, the circuit court had no explanation for why a one-third contingency fee totaling $2,229.85 was "reasonable" or how it was calculated. Mariner Finance's motion merely stated that it referred the claim "to outside counsel . . . upon a contingency basis of 33.3%." Based on the Court's calculation, 33.3% of $7,129.65 (the amount financed) would total $2,374.17, while 33.3% of $6,757.12 (the amount due based on Mariner Finance's complaint) would total $2,250.12. Neither of these figures equals $2,229.85. And, the tendered judgment, which the circuit court entered without any changes, similarly failed to address if it was reasonable under the circumstances or how the $2,229.85 figure was derived.

When a party defaults, he or she only admits the allegations in the complaint. *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988). In an action for unliquidated damages, like the attorney's fee in this case, a defaulting

-11-

party admits liability but not a sum certain amount of damages. *Id.* at 693. The circuit court must determine "whether attorney fees were warranted in light of a statute, contractual provision, or equitable consideration, and, if so, *what amount is reasonable.*" *Gibson*, 328 S.W.3d at 204 (emphasis added).

While the Keys admitted liability with the default judgment, presumably because they knew they owed a debt to Mariner Finance, they did not admit they owed an attorney's fee based on a one-third contingency instead of a reasonableness determination. We conclude that the circuit court should have determined if the attorney's fee was reasonable before signing and entering the tendered judgment. As the Kentucky Supreme Court stated in *Capitol Cadillac Olds, Inc. v. Roberts*, "[i]t should never be overlooked that any award of an attorney fee is subject to a determination of reasonableness by the trial court." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991). The Court went on to state:

> In simple cases in which the debtor makes little or no defense and in default judgment cases where the time and skill required is minimal, to award the maximum may result in a windfall and constitute an abuse of discretion. In more difficult cases, however, and with due regard for the provisions of SCR 3.130 (Rule 1.5), the allowance of a maximum fee based on the amount due on the date of acceleration plus prejudgment interest may be appropriate. The trial judge is generally in the best position to consider all relevant factors and require proof of reasonableness from parties moving for allowance of attorney fees. In exercising its discretion, a trial court

-12-

> should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred.

*Id.* Thus, the circuit court should have required Mariner Finance to demonstrate that the one-third contingency fee was not excessive and that it accurately reflected the reasonable value of the bona fide legal expenses incurred.

This also brings us to the issue of whether Mariner Finance "incurred" the claimed attorney's fee. As the Kentucky Supreme Court stated in *Capitol Cadillac Olds, Inc.*, the amount of attorney's fees should reflect the "bona fide legal expenses *incurred*." *Id.* (emphasis added). Based on Mr. P'Pool's affidavit, which was attached to Mariner Finance's response to the Keys' motion to vacate, his fee was based on a one-third contingency fee "of any amount recovered." The circuit court's order made no finding that the one-third contingency fee was "incurred" by Mariner Finance or "actually paid or agreed to be paid," as required by KRS 411.195. Nevertheless, the circuit court entered a judgment requiring the Keys to pay a one-third contingency attorney's fee in the amount of $2,229.85. Such an award was clearly an abuse of discretion and must be reversed. "To hold otherwise would be to force the debtor to be liable for any attorney's fee, however exorbitant, which a creditor would be willing to pay his attorney if that amount were paid by the debtor. Stated differently, a debtor should not be required to pay

-13-

more, in an attorney's fee, than a creditor would be willing to pay." *Harper v. Citizens State Bank*, 652 S.W.2d 871, 873 (Ky. App. 1983).

The Keys did not agree to a specific percentage contingency fee or a liquidated amount for attorney's fees in the event they defaulted. Mariner Finance and its attorney, presumably, selected the one-third contingency fee amount. That agreement was independent of the Keys and may have been based on considerations other than the value of the services rendered. Certainly, a contingency fee may be reasonable when *deducted* from a client's recovery. However, in this case, the one-third contingency fee is being *added* to the debtor's judgment without objective evidence of reasonableness.

On remand, the circuit court should consider all relevant factors and require proof of reasonableness from Mariner Finance demonstrating that its attorney's fee was not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred. *Capitol Cadillac Olds, Inc.*, 813 S.W.2d at 293.

<u>CONCLUSION</u>

For the above reasons, we affirm in part, reverse in part, and remand the case to the circuit court to determine a reasonable attorney's fee consistent with this opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

James H. Lawson
James R. McKenzie
Louisville, Kentucky

BRIEF FOR APPELLEE:

Katherine E. Tapp
Crystal G. Rowe
New Albany, Indiana